## BENNER v. MAGEE.

[No. 4,691.  Filed April 22, 1904.  Rehearing denied July 1, 1904. Transfer denied November 29, 1904.]

1. CONTRACTS.—*Liquidated Damages.*—*Penalty.*—A contract entered into between the cross-complainant, an extensive dealer in stone in Indianapolis, and the plaintiff, the owner of a stone-quarry, providing among other things that for all the stone sold by the cross-complainant for the plaintiff he should receive a five per cent. commission, and for all stone sold in such city by the plaintiff himself or through others than cross-complainant, the cross-complainant should receive twenty-five per cent. commission, such contract further binding cross-complainant not to sell stone for others than those named in the contract, and not forbidding the plaintiff to sell personally or through others in such city, such contract for a commission of twenty-five per cent. must be held to be liquidated damages and not a penalty, since the loss to cross-complainant can not "be easily and precisely determined by any pecuniary standard" and the per cent. fixed can not be said to be greatly disproportionate to the loss.   p. 177.

From Superior Court of Marion County, *Vinson Carter,* Judge.

Action by Alophus A. Magee against William J. Benner. From a judgment for plaintiff, defendant appeals. *Reversed.*

*J. E. McCullough,* for appellant.

*Wickens & Osborn, F. E. Gavin, T. P. Davis* and *J. L. Gavin,* for appellee.

COMSTOCK, J.—This was an action by the appellee, who was the owner of a stone-quarry in Decatur county, Indiana against the appellant, who acted as appellee's agent during the year 1898 for sale of stone at Indianapolis, for money alleged to have been received by appellant as such

Benner v. Magee.

agent, and not accounted for; and a cross-action by appellant against appellee for money alleged to be due pursuant to the contract in which appellant was constituted such agent.

The first paragraph of the complaint sues for $363.76 and interest, alleged to have been collected by appellant as appellee's agent in the year 1898 from J. C. Veney, and not accounted for, for stone sold him; the second paragraph, for the sum of $234.71, alleged to have been collected by appellant during said year as such agent, and not accounted for, for stone sold to W. H. Abbott. The third paragraph, for money had and received by appellant for the use and benefit of appellee, naming the two items sued on, respectively, in the first and second paragraphs. The fourth paragraph, for the same item and interest sued for in the first paragraph, but sets out in full the contract under which appellant was constituted and acted as agent. The fifth paragraph for the same item as the second, but also sets out said contract in full. The appellant answered by general denial and payment. Appellant also filed an amended cross-complaint in two paragraphs. To the first paragraph the court sustained a demurrer for want of facts, and, on the same ground, overruled a demurrer to the second. Issue was formed on the second paragraph of the cross-complaint, and the court directed the jury to find for appellee in the sum of $600, and a verdict was returned for said amount. Appellant's motion for a new trial was overruled, and judgment rendered on the verdict.

1. The errors assigned are the action of the court in sustaining appellee's demurrer to the first paragraph of the amended cross-complaint and in overruling appellant's motion for a new trial.

The first paragraph of cross-complaint alleges the execution of the contract on July 7, 1898, between the plaintiff and various other quarry owners and cross-complainant, by

which cross-complainant Benner was to have during the year 1898 the exclusive agency for the sale of plaintiff's stone in the city of Indianapolis, which stone was to be sold at prices fixed in the contract, for which Benner was to receive five per cent. commission on the net amount sold— that is, on the amount sold less freight and other expenses —which five per cent. was to be full payment of Benner's services.    Plaintiff agreed to sell in Indianapolis only through Benner.   It was further agreed in this contract that Benner should receive twenty-five per cent. commission on all curb, crossing, gutter and marginal stone shipped during 1898 to Indianapolis by plaintiff, where the same was sold or collections made by the plaintiff, or any person acting for him except said Benner; that at the time he entered into said contract he had an established agency and business in the city of Indianapolis for the sale of stone and other material, upon commission and otherwise, built up and established by long years of conducting and of attention to his said business; that at the time he entered into said contract the parties thereto, other than himself, required him to agree and contract with each one of them, and he did in said contract agree and contract with each one of them, that he would sell stone for no other quarry owners or persons during said year than those mentioned in said contract; that he would sell at the prices mentioned in said contract only, unless those prices should be changed by a majority of said quarry owners giving this cross-complainant written instructions to that effect.    Cross-complainant further avers that during said year 1898 Magee shipped to and sold in Indianapolis, to various parties, stone to the amount of $4,000, and that Benner has never received the twenty-five per cent. commission agreed on in said contract for said stone so sold, which commission of twenty-five per cent. on said $4,000—$1,000—is now due and unpaid to cross-complainant.    Wherefore he prays judgment against plaintiff for $1,000.    The contract is

made a part of the first and second paragraphs of the cross-complaint.

If the twenty-five per cent. commission provided for stone sold outside of the agency of Indianapolis was a penalty, the demurrer was properly sustained. If it is to be regarded as liquidated damages, the demurrer should have been overruled. The decisions intended to assist the courts in determining whether a sum named in contract is to be regarded as a penalty or as stipulated damages are very numerous, but they are for the most part a collection of special cases. The law laid down in *Jaqua* v. *Headington* (1888), 114 Ind. 309, has been accepted and applied in later cases. It is in the following language: "Where the sum named is declared to be fixed as liquidated damages, is not greatly disproportionate to the loss that may result from a breach, and the damages are not measureable by any exact pecuniary standard, the sum designated will be deemed to be stipulated damages."

Hale, Damages, p. 137, states the rule: "Where damages can be easily and precisely determined by a definite pecuniary standard as by proof of market values, but the parties have stipulated for a much larger sum, such sum will usually be held to be a penalty; for it is evident that the principle of compensation has been disregarded."

Appellant agreed to sell only the stone from the quarries of the appellee and his co-contractors for five per cent., in connection with the other provision that he was to receive twenty-five per cent. commission on the stone sold outside his agency. The twenty-five per cent. commission was in addition to the five per cent., and doubtless influenced him in agreeing to accept a less commission for what he himself sold. The language of the contract is: "Said agent is also to receive twenty-five per cent. commission," etc. It is the language of compensation rather than of penalty. The paragraph in question alleges that he had been building up his agency in 1897. His business for the year

1898 was, presumably, partially at least, the outgrowth of his business established the preceding year. What that business would be, and the outlay in time and money attending it, would necessarily depend upon conditions not within the knowledge of the contracting parties. The profits, if any, to be derived therefrom, were at the time of the execution of the contract involved in uncertainty. Appellant's profits would, in a measure, depend upon the amount of business done. The advertisement which extensive business relations would give him was an element of value, difficult, of course, to ascertain, but it was doubtless influential in inducing appellant to enter into the contract. The parties experienced in practical affairs, in view of all the facts, elected to make certain in advance, what otherwise was indefinite and unknown. Appellant obligated himself to sell only from the quarries of his principals at prices fixed by them, thus making himself entirely dependent upon appellee and his co-contractors for the supplies with which he was to deal.

The policy of the law favors the enforcement of contracts not against public policy entered into without fraud by parties competent to make them. Such is the contract before us. The language employed, plainly, as we believe, provides for compensation and not a penalty. There is nothing to indicate that the parties when they executed it had in contemplation the distinction between penalty and liquidated damages; and while their intention, or the name they might give the provision in question, would not necessarily control against its fair legal construction under the rules of law, it is proper to consider such intention so far as it may appear. The five per cent. and the twenty-five per cent. commissions together constituted the consideration passing to appellant. We are of the opinion that the loss which might result to appellant can not "be easily and precisely determined by definite pecuniary standard," nor can

we say that the said per cent. fixed was greatly disproportionate to the loss.

Questions raised by the motion for a new trial may not arise upon a second trial.

Judgment reversed, with instructions to overrule appellee's demurrer to the first paragraph of the cross-complaint.

Roby, J.—I concur in the result. The contract does not stipulate that appellee shall make no sales in Indianapolis other than by appellant. If it had done so, and if the breach averred were in making such sales directly or by other agents, then a fixed amount to be paid appellant because thereof might be a penalty or liquidated damages according to circumstances, but the breach set up is the failure of appellee to pay commissions according to his agreement upon sales made in Indianapolis. The promise is a direct one, and unless the contract is illegal should be performed. I do not think there is anything illegal in the agreement. Of course no question going to the manner of procurement, or other affirmative defense based on matter of fact, can arise on a demurrer to the pleading. The making of sales by appellee in Indianapolis was contemplated by the contract, and the rate of commission upon such sales was definitely fixed; and, so far as the law is concerned, the parties must abide by the contract they themselves have made. Wiley, P. J., concurs in result and in the concurring opinion.