## BRECK *v.* RINGLER.

*(Supreme Court, General Term, First Department. February 11, 1891.)*

1. LIQUIDATED DAMAGES—SALE OF GOOD-WILL.

A contract for the sale of a business, which contained a stipulation that the seller should not carry on the same line of business for five years, provided that "for any forfeiture or non-compliance with this portion of the agreement" the seller "shall pay * * * the sum of $5,000, which is hereby agreed upon as liquidated damages, and shall be due and owing * * * immediately upon such forfeiture or non-compliance." *Held,* that upon breach of the stipulation the purchaser became entitled to the $5,000 without proof that an equivalent amount of damage had been sustained by him.

2. ACTION ON CONTRACT—EVIDENCE—CONVERSATIONS.

In an action for breach of such contract, conversations between the parties prior to the execution of the contract, concerning the right of the seller to take orders in the class of work included in the business transferred, were properly stricken out, as having merged in the contract.

3. WITNESS—EXAMINATION—CREDIBILITY.

Questions put to the vendor on his cross-examination, as to business transacted by him after the commencement of the suit, were competent to affect his credit.

4. GOOD-WILL—BREACH OF CONTRACT—EVIDENCE.

The action depending upon the fact whether defendant had, without authority from plaintiff, carried on the same line of business, evidence of plaintiff's partner as to orders received for defendant, and filed, did not prejudice defendant's rights.

5. EVIDENCE—DECLARATIONS OF ATTORNEY.

Statements of plaintiff's attorney in his absence were properly excluded, it not appearing that the attorney was authorized to compromise plaintiff by any statement he might make.

Appeal from special term, New York county.

Action by Charles A. Breck against Frederick A. Ringler. There were verdict and judgment for plaintiff, and defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Henry Daily, Jr.,* for appellant. *Calvin & Breck,* for respondent.

DANIELS, J. This action was brought to recover the sum of $5,000 as liquidated damages for the breach of a contract entered into between these parties on the 19th of March, 1886. By this contract the defendant and his partner, William Kurtz, sold and transferred their business, plant, machinery, tools, fixtures, stock on hand, and all appliances used in their business, or connected with it, together with its good-will, to the plaintiff for the sum of $14,000; and the contract by which the sale was made contained the covenant that "it is further understood and agreed between the parties hereto that the said Frederick A. Ringler shall not carry on the same line of business, (the

good-will of which is hereby agreed to be sold to the party of the second part,) and shall not be employed by or enter into any partnership with any person or persons in carrying on the same line of business, in any way or manner whatever, for the term of five years from the first day of April, 1886, and for any forfeiture of or non-compliance with this portion of this agreement within said period of time the said Frederick A. Ringler shall pay unto the said party of the second part the sum of $5,000 dollars, which is hereby agreed upon as liquidated damages, and shall be due and owing to the party of the second part immediately upon such forfeiture or non-compliance." This part of the agreement was alleged to have been broken by the defendant, Ringler, by carrying on the same line of business as had been carried on at the place transferred to the plaintiff, and for and on account of which this sum of $5,000 was claimed from the defendant.   Evidence was given during the progress of the trial tending to prove the fact that the defendant, with his co-partner, had carried on this business in the city of New York after the sale was made to the plaintiff; and that evidence was sufficient to require the inquiry as to the fact to be submitted, as it was by the court, to the jury.

But it was insisted on behalf of the defendant that his liability was exclusively one for damages, and that the plaintiff was not entitled to recover this sum of money without proof, which was not made in the case, that an equivalent amount of damages had been sustained from these acts of the defendant.   But it is quite plain that no amount of evidence could present any intelligible criterion for estimating or ascertaining the damages which would be sustained by the plaintiff by reason of the defendant carrying on and pursuing this same line of business; and it is to be inferred, therefore, because of that fact, that the parties themselves fixed this sum as an amount the plaintiff should become entitled to demand in case of a violation of this part of the agreement by the defendant.   Whether a sum of money mentioned in this manner is to be regarded as fixed damages or as a penalty depends upon the intention of the parties, to be ascertained from the agreement and the business or transactions to which it shall relate.   This agreement has plainly expressed the intention to have been that the sum of $5,000 should be paid by the defendant for a violation on his part of the agreement made by him with the plaintiff.   And the inability of producing and presenting proof of the actual extent of the damages which might be incurred by reason of a violation of the contract by the defendant is a circumstance also indicating that the parties intended this sum of money to be the fixed and settled measure of the defendant's liability.   And where that may appear to be the condition of the case, there it has been the constant practice of the courts to sustain the agreement as it has been expressed, and to hold the party entitled to its observance and performance to be vested with the right to recover the amount mentioned as stipulated damages, when the covenant shall be shown to have been broken.   *Kemp* v. *Ice Co.*, 69 N. Y. 45, 58; *Little* v. *Banks*, 85 N. Y. 258.   There was therefore no error on the part of the court in ruling this point against the defendant.

A large number of exceptions were taken by the defendant's counsel upon rulings made concerning the admission and exclusion of evidence.   The first in its order to which attention has been drawn by the counsel was the offer to read an advertisement published in the New Yorker.   But this objection amounts to nothing whatever, for it was specifically confined to the ground that the date of the clipping was not shown, while the witness testified before the evidence was received that it must have been printed not earlier than November, 1887.   This fully answered the objection, and rendered the exception which was taken conspicuously frivolous.   Evidence was proposed to be given, and was given, but afterwards stricken out by the court, of conversations which were stated to have taken place between these parties prior to the time of the execution of the contract, concerning the right of the defendant

to receive orders for the class of work included in the business transferred to the plaintiff; and exceptions were taken to the rulings of the court upon this subject. These exceptions are without legal support, for the reason that whatever was said between the parties prior to the execution of the contract was afterwards merged in the instrument itself. Exceptions were also taken to questions which were propounded to the defendant on his cross-examination, concerning business transacted by him which was claimed to have been in violation of this contract, after the commencement of the suit. But these inquiries were admissible for the purpose of affecting the credit of the witness himself. And they did tend to indicate some improbability of statement upon his part in giving the evidence which had been obtained from him on his direct examination. An exception was also taken to the exclusion of a statement made by the attorney Mr. Clapp. But as this was in the absence of the plaintiff, and the attorney was not shown to be authorized to compromise him by any statement he might make, the evidence was rightly excluded. A further exception was taken to the exclusion of evidence from the plaintiff's partner as to orders received and filled for zinc etchings for the defendant and his partner. The exclusion of this testimony had no practical effect on the disposition of the defendant's rights, for it did appear by evidence which was received that the plaintiff had from time to time after the purchase of this business received orders from the defendant, or his firm, for this description of work, and that they were performed and paid for by that firm. This evidence was not of any substantial importance in the disposition of the case, for the right of the plaintiff to maintain the action was not placed upon orders obtained by the defendant in this manner. No complaint whatever as to such orders was at any time made by the plaintiff. But what the action was made to depend upon was the other evidence in the case tending to prove the fact that the defendant had, without authority from the plaintiff, carried on this same line of business between the time when he sold out to him and the commencement of the action. Other exceptions have been presented concerning other rulings made as to the production of evidence on the trial, but they have no more merit, certainly, than those which have already been referred to. The case appears to have been correctly disposed of at the trial, and the judgment and order should be affirmed, with costs. All concur.