STEPHEN C. DARROW, Respondent, *v.* STEPHEN CORNELL, as Executor, etc., of JACOB N. DOTY, Deceased, and Others, Appellants.

*Contract of sale — damages when it is induced by fraud — liquidated damages — time for performance — representations as to incumbrances.*

Where a contract for the sale of land provides that in case of a breach thereof certain liquidated damages shall be paid, a party alleging that the contract was induced by fraud and that the other party has been guilty of a breach thereof cannot recover both the damages he may prove that he has sustained and also the liquidated damages.

*Semble,* that where a party thus alleges fraud, he is not restricted in his recovery to the liquidated damages.

Where the time fixed for the performance of a contract has been indefinitely extended by mutual consent, neither party can thereafter place the other in default by demanding an immediate performance, but must fix a reasonable, definite time in the future for such performance.

A representation made by the vendor under an executory contract for the sale of real estate, that the premises in question are free from incumbrances, is not false, where it appears that, although the records show apparent incumbrances, such incumbrances have been actually paid.

APPEAL by the defendants, Stephen Cornell, as executor, etc., of Jacob N. Doty, deceased, and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Washington on the 5th day of May, 1896, upon the report of a referee for the sum of $1,460 and costs.

On or about the 6th day of March, 1889, the plaintiff and one Jacob N. Doty entered into a written agreement whereby the said

Doty promised and agreed to sell and deliver certain real estate described in such agreement " by a good and sufficient deed of conveyance, with covenants of warranty free and clear from all liens, rights of dower, or other incumbrances, unless hereinafter specified." The deed was to be delivered on the 1st day of April, 1894; the consideration for the conveyance, $3,000, was to be paid on or before that time; interest thereon was to be paid on the 1st day of April, 1890, and on each first day of April thereafter until the full amount was paid; and upon the delivery of such deed the plaintiff was to execute and deliver to Doty a mortgage for the amount thereof remaining unpaid, conditioned to pay the sum of $100 or more on each first day of April thereafter, with the interest on the whole amount unpaid.

The agreement contained the following covenants: " It is mutually covenanted and agreed that, in case either party fails to perform the covenant herein agreed to be performed by such party, the party so failing shall and will pay to the other the sum of $500, which is hereby fixed and agreed upon as the liquidated damages for such failure, and that the same shall in no event be considered a penalty."

The plaintiff appears to have gone into possession of the premises shortly after the execution of this agreement.

On or about June 17, 1891, Jacob N. Doty died, leaving a last will and testament wherein he appointed the defendants Cornell and Benson executors of his estate.

The time for the execution of the agreement arrived, and the time for the delivery of the deed and payment of the purchase money was extended by mutual consent.

Controversies arose between the parties over the title to the property, which finally culminated in this action, the plaintiff claiming that the defendants had failed to perform their testator's part of the agreement, and the defendants denying such claim.

The plaintiff in his complaint, among other things, alleged that, at the time said Doty entered into the contract, he knew that the title to the real estate was not clear, and intentionally suppressed the knowledge thereof from the plaintiff, and knowingly and intentionally allowed the plaintiff to enter upon such premises and make improvements and enhance the value thereof to a much greater extent than the amount named in the said contract as to stipulated

damages, for the purpose of compelling the plaintiff to accept a title which was not clear or lose the amount expended for improvements on such premises.

The plaintiff claimed, and produced evidence upon the trial to show, that he had expended about the sum of $1,000 in improvements, and incurred indebtedness for the services of an attorney in trying to perfect the title.

The referee found that the plaintiff was entitled to recover for the value of the improvements that he had placed upon the farm to the amount of $1,000, less the sum of $50, the value of certain timber and wood that the plaintiff had removed from such farm, and also less the rental value of such farm for two years, which he found to be $180 per year; he also found that he was entitled to recover the sum of $370, which he found to be the reasonable worth of the services of the plaintiff's attorney in trying to perfect the title to the premises in question; he also found "that plaintiff is entitled to the sum of $500, stated in the contract as fixed and liquidated damages, for the failure to give the deed required by said contract."

*C. C. Van Kirk,* for the appellants.

*C. H. Sturges,* for the respondent.

HERRICK, J.:

It will be observed from the foregoing statement of facts that the referee not only allowed the liquidated damages provided for in the contract, but also other damages alleged to have been suffered by the plaintiff by reason of its non-fulfillment.

Ordinarily, where there is a stipulation and agreement in a contract as to the amount of damages that are to be paid by either party for a breach of such contract, no question of fact can arise except as to the breach of the contract; that being found, the stipulation for liquidated damages fixes the amount of recovery.

There are cases, however, holding that, where there has been any fraud perpetrated in the making of the contract, such fraud vitiates and renders null and void the stipulation as to the amount of damages to be paid upon its breach, and that the party suing for such breach is not confined to the amount agreed upon as liquidated

damages, but may recover the amount of damages actually suffered by him by reason of such breach. The plaintiff apparently proceeded upon that theory, for he alleges in his complaint that Doty had knowledge of the imperfections in his title, which he knowingly and intentionally concealed from him, and permitted him to proceed in making improvements and expending money upon the farm to an amount in excess of the sum agreed upon as liquidated damages; and the referee has found that Doty, at the time he made the contract, knew that the said property was not free and clear from all incumbrances and that he did not act in good faith.

Assuming that Doty was guilty of such bad faith as would vitiate the contract, and that, therefore, the plaintiff is not confined to the amount agreed upon as fixed and liquidated damages, it is perfectly clear, it seems to me, that the plaintiff cannot recover both the actual damages alleged to have been suffered by him by reason of the breach of contract and the amount fixed and agreed upon between the parties as liquidated damages for the breach thereof. The plaintiff cannot have both; if he is entitled to one, he is not entitled to the other, and, for the error of the referee in allowing both, the judgment should be reversed.

Having arrived at that conclusion, it is unnecessary to discuss the other questions in the case. It may not be amiss, however, to say that, in determining which party is in fault in not performing a contract, if it appears that the time originally fixed for its performance has been indefinitely extended by mutual consent, neither party can at any time place the other in default by demanding an immediate performance, but must fix a reasonable, definite, time in the future for such performance. (*Schiffer* v. *Dietz*, 83 N. Y. 300, and cases cited.)

The testimony of the plaintiff, that the defendant Cornell told him that the scrivener, Merrill, told him, Cornell, that Doty told him, Merrill, certain things in relation to the title of the real estate in question, was hearsay and incompetent.

In determining as to whether the alleged representation of Doty to the plaintiff at the time of making the contract, that the premises were free and clear of all incumbrances, was such a false representation as to warrant a finding of bad faith, it is well to consider that, although there appears upon the records apparent liens or

incumbrances by judgment, mortgage or otherwise, yet, if the party has in fact paid them, although he has not placed the evidence thereof upon the records, his statement that there were no incumbrances would not, under such circumstances, be a false representation, the incumbrance being only an apparent, not a real one, and the party having it in his power to clear the record. Upon the question of good faith, the fact that the deed was to be given five years after the execution of the contract, affording ample time to clear the record, and that it was to be a warranty deed, covenanting against all liens and incumbrances, should also be taken into consideration.

The questions as to who committed the first breach of the contract in question, as to whether Doty acted in bad faith, and as to whether the defendants have tendered a good and sufficient deed under the contract, are all contested questions in this case, and, not desiring to embarrass the trial court upon a new trial in its findings of fact in relation thereto, I refrain from further consideration of them, but, for the error of the referee first discussed, the judgment should be reversed, the referee discharged and a new trial granted, costs to abide the event.

All concurred.

Judgment reversed, referee discharged and a new trial granted, costs to abide the event.