ANTONIO PASTOR, Respondent, *v.* MAX SOLOMON et al., Appellants.

(Supreme Court, Appellate Term, January, 1899.)

Contract — A " penalty " construed as liquidated damages.

> Under a contract made by a theatrical manager with actors for their services during eleven weeks at $220 per week and which provides a " penalty " of $500 for a breach of their engagement or of any condition of the contract, a recovery of the sum last named may be had where the actors violate a stipulation by which they agreed not to perform in any other theatre in the city of New York until their engagement with the manager had been fulfilled, as damages for such a breach are always difficult of ascertainment, and the sum named is not an excessive compensation for the breach.

(Pastor v. Solomon, 25 Misc. Rep. 322; affirmed.)

APPEAL from a judgment of the General Term of the City Court of the city of New York, affirming a judgment entered in said court upon a verdict rendered in favor of the plaintiff.

Mitchell L. Erlanger, for appellants.

Howe & Hummel, for respondent.

BEEKMAN, P. J.    The plaintiff, a theatrical manager, sues the defendants, who are actors, to recover the sum of $500 for the violation of a stipulation, contained in the written contract between them, in which the defendants agreed not to perform in any other theatre in this city until their engagement with the plaintiff had been fulfilled. The contract fixes the amount sued for as a sum to be paid by the defendants in case of the breach of their engagement, or of any of the conditions contained in the agreement.    It is evident that the

stipulation in question was violated, and the only point to be determined here is, whether the sum sued for was a penalty or liquidated damages.

The decisions, both in England and in this country, in which efforts have been made to lay down rules which should determine when the exaction of the payment of a fixed sum from breach of contract is to be treated as a penalty and when it is to be regarded as a liquidation of damages, are numerous and difficult to reconcile. The latest in this state, however, declare that it is a question of intention to be ascertained upon a consideration of the contract as a whole in the light of surrounding circumstances, and that the particular words used in describing the fixed sum are not controlling. It may be styled " liquidated damages " and yet be held to be a penalty, or it may be termed " a penalty " or a " forfeit," and, notwithstanding, be construed as a provision for liquidated damages. A tendency towards a liberality of construction for the purpose of sustaining the agreement which the parties have made is manifest. Cotheal v. Talmage, 9 N. Y. 551; Kemp v. Knickerbocker Ice Co., 69 id. 45; Ward v. H. R. B. Co., 125 id. 230; Tode v. Gross, 127 id. 480.

There are certain rules of common concession, which, as far as they go, are controlling in the process of construction. In the first place, where the contract is of such a nature that the damages for its breach are susceptible of exact ascertainment, there is no occasion for an agreement upon an arbitrary sum by way of liquidation, and in such cases the stipulation is treated as a penalty and will not be enforced, a rule which is also applicable where the fixed sum is payable upon the breach of any one of several engagements expressed in the contract, if any one of them is of such a nature that the damages for its violation can be determined with reasonable precision. The court will not undertake to sustain the provision in part, but will declare it to be a penalty and treat it wholly as such, although the other provisions of the contract may be such as to admit of a liquidation of damages for their breach. Furthermore, the stipulated amount must not be so large as to be obviously beyond the reasonable limits of possible damage. If it be, it is penal, and, therefore, obnoxious to the principle of compensation which lies at the root of the whole matter. Where, then, the contract is of such a nature that the damages for its breach are speculative and conjectural, so that under the law as it stands the suitor could obtain little if any compensation for its violation, it is natural, and, therefore, permissible, to infer that any provision looking to the

payment of a fixed sum in such an event was intended to meet and obviate a difficulty occasioned by the inability of the law to respond to the demands of justice. Under such circumstances, the sum so fixed, whatever the parties may have agreed to call it, if, as I have said, it is not unreasonable in its amount, will be treated as liquidated damages.

The contract before us belongs to the class referred to. It provides for the rendition of services by the defendants as actors upon the stage, under stipulations for the breach of which, adequate damages can rarely be awarded. It was, therefore, natural to expect some provision to give it enforcible value. That expectation is realized in the agreement which binds the defendants to pay the sum of $500 upon a breach of the engagement as it is called, or of any of the conditions of the contract. It is true that it is called a " penalty," but, as we have seen, this is in no way controlling. It may have been misnamed, but it has a natural place in the contract and a recognizable character despite the misnomer. Nor can it be said that the amount fixed is so excessive as to compel the conclusion that a penalty was intended. The defendants were to receive under the contract $220 a week for a period of eleven weeks, which, to a large extent, measures the importance of their services and indicates a probable substantial loss should the engagement be broken. It is true that there are several conditions which the defendants have assumed to perform of varying importance, and particular stress is laid upon this fact by counsel for the appellants in support of his claim that the sum stipulated far exceeds the reasonable measure of possible damage in the case of one or more of the conditions referred to. An attentive consideration of the contract, however, shows that many of the alleged conditions are rather in the nature of limitations upon the liability of the plaintiff, and so far as the others are concerned, I cannot say that, considering the nature of the business and the possible far-reaching consequences of a violation of them, the amount in question transcends the permissible limit of liquidated damages.

My conclusion, then, is that the amount sued for was not a penalty, and that the trial justice was not guilty of error in directing a verdict for the full amount of the claim. The judgment must, therefore, be affirmed.

GILDERSLEEVE and GIEGERICH, JJ., concur.

Judgment affirmed, with costs.