## KARNITZKY v. BANWER.

(Supreme Court, Appellate Term.   November 30, 1909.)

DAMAGES (§ 184*)—LIQUIDATED DAMAGES.

Facts *held* insufficient to justify a recovery of money, deposited by plaintiff with defendant as security for the performance of a contract for services as liquidated damages, on a complaint for money had and received.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 184.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Morris Karnitzky against Max Banwer.   From a judgment for plaintiff, defendant appeals.   Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Bernard Fliaschnick, for appellant.

Samuel Manheimer, for respondent.

GILDERSLEEVE, P. J.   Plaintiff sues to recover $100, money deposited by him with defendant as security for the former's faithful performance of a contract, and as liquidated damages in the event of a breach of said contract by plaintiff.   The said contract further provided that, in the event of a breach thereof by defendant, the latter should not only return the said $100 to plaintiff, but should also pay the latter an additional $100 as liquidated damages for such breach. The court gave judgment for plaintiff, and defendant appeals.

The justice indorsed on the summons, as the reason for his decision:

"No proof of damages on behalf of defendant sufficient to apply this money [the $100 deposit aforesaid] as liquidated damages."

The contract was one by which defendant hired plaintiff as an "inside contractor," and plaintiff was to work for defendant in that capacity, in the manufacture of "comb mountings" and hat pins, for the term of one year, from December 1, 1908, to December 1, 1909; and defendant agreed to supply the plaintiff with work for not less than $25 per week during said year, and plaintiff agreed to "produce work for not less than $25 per week" for defendant during said period.   It was also agreed that:

"At the end or sooner termination of this agreement, the party of the first part [defendant] will return the said sum of $100 to the party of the second part [plaintiff], provided said party of the second part has faithfully performed the terms of this agreement as aforesaid."

Plaintiff claims that on January 19, 1909, a long time before the expiration of the contract, defendant ordered his foreman not to give plaintiff any more work of the kind called for in the contract, but wished him, if anything, to do work not called for by the contract, and that, when plaintiff called on defendant for an explanation, the latter discharged him, saying:

"I cannot give you any other work, and you can go."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Defendant, on the other hand, claims that he was very anxious to keep plaintiff and the people working under him in his (defendant's) employment, and that on January 19, 1909, plaintiff informed him that he was going to leave, because he could not agree with the other employés. Defendant further claims that he urged plaintiff to remain, but that the latter refused to remain, and left defendant's employment. It is not disputed that up to January 19, 1909, plaintiff had faithfully performed his part of the contract; but defendant refused to return the deposit, on the ground that on January 19, 1909, plaintiff broke the said contract, and that by reason of plaintiff's wrongfully leaving his employment on said January 19, 1909, in violation of the contract, defendant lost a customer worth to him $700 or $800 a year. The defendant, therefore, kept the $100 as liquidated damages, under the contract, arising from plaintiff's breach of said contract.

If plaintiff's theory of the case is right, the defendant was guilty of a breach of the contract, and in that event the plaintiff, under the terms of the contract, would be entitled, not only to the return of the $100 deposit, but to an additional $100 as liquidated damages arising from defendant's breach of said contract. The pleadings herein are oral, and the complaint is "money had and received," and in the summons and at the trial plaintiff only claimed the return of the $100 deposit, and the judgment in plaintiff's favor was only for $100 and costs. The plaintiff's abandonment of any claim to the additional $100 seems somewhat inconsistent with his claim of a breach of the contract by defendant in wrongfully discharging the plaintiff. It would seem, from the language of the decision of the court below, above quoted, that he had merely reached the conclusion that the damage shown by defendant did not amount to $100, and that, therefore, plaintiff was entitled to a return of said deposit. Such a conclusion would be manifestly incorrect; for, by the very terms of the contract, the defendant was entitled to retain the $100 as liquidated damages, in case of a breach by plaintiff of said contract. The said deposit of $100 was not excessive damage on its face, and was clearly intended to be liquidated damages, as not only is it so stated in the contract, but, as actual damages arising from a breach of the contract would evidently be somewhat difficult to adjust, it was most natural for the parties to agree beforehand on a fixed sum as liquidated damages. The sum so mentioned, therefore, must be regarded not as a penalty, but as liquidated damages. Curtis v. Van Bergh, 161 N. Y. 47, 55 N. E. 398; Ward v. Hudson Bldg. Co., 125 N. Y. 230, 26 N. E. 256; Cotheal v. Talmage, 9 N. Y. 551, 61 Am. Dec. 716.

The only theory on which plaintiff could be entitled to simply a return of the $100 would be that the contract had been terminated by mutual consent, without any breach by either side; for, if a breach were made by defendant, plaintiff would be entitled to $200—i. e., the return of the $100 deposit and an additional $100, while, on the other hand, if the breach were made by plaintiff, the latter would be entitled to nothing, as defendant could keep the $100 as liquidated damages. But this theory of a mutual rescission is entirely inconsistent with the proofs, which in themselves are not consistent with a cause of action

for "money had and received," as plaintiff's testimony shows a breach of a contract by defendant, entitling plaintiff to $200, while defendant's evidence shows a breach of contract by plaintiff, entitling plaintiff to nothing, as defendant could in that case keep the $100. It appears that the bill of particulars states an action for breach of contract. The justice, as above intimated, apparently decided the case on the theory that defendant would have been entitled to the deposit, had he proved damage equal to $100 arising from plaintiff's breach, which, as we have said, is clearly an erroneous theory, because in this case the sum mentioned in the agreement is to be regarded as liquidated damages, and the defendant, in case of a breach by plaintiff, would be entitled to the whole $100, without proof of actual damage. Beale v. Hayes, 5 Sandf. 643; Breck v. Ringler, 59 Hun. 623, 13 N. Y. Supp. 501.

It is true that a correct decision will not be reversed solely because the reasons given by the court below for such decision are erroneous; but it seems to us, upon the whole case, that in the interests of justice a new trial of the issues should be had.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

SEABURY and LEHMAN, JJ., concur in result.