LOUIS SIMON and DAVID COHEN, Plaintiffs, *v.* MAX LINDEN, Defendant.

(City Court of the City of New York, Trial Term, February, 1919.)

Damages — what deemed to be liquidated and not a penalty — contracts — when motion for a new trial denied.

> The damages for the breach of a contract to pay money are fixed by law and an agreement to pay greater damages is regarded as a penalty.
>
> The damages likely to result from the breach of a contract to render personal services are uncertain in amount and the parties have the right to say how much shall be paid as compensation to the party injured by a breach of the contract, and where they have done so the amount fixed by them will not be diminished unless grossly disproportionate.
>
> Defendant, upon engaging to give his entire time and attention as a designer in plaintiff's factory for a year at a weekly salary of $130, agreed not to associate or interest himself in any other business and in case of his failure to fulfill his part of the contract, to pay on demand $1,000 as liquidated damages. In an action to recover said amount based upon his refusal to enter upon the performance of the contract and his employment with another, in a similar business, the court directed a verdict for plaintiff in the full amount claimed. Upon denying the motion for a new trial *held*, that said amount was to be deemed liquidated damages and not a penalty, and was not so excessive, taking into consideration the salary, as to shock the moral sense.
>
> The amount of damages having been fixed by the parties plaintiffs were under no legal obligation to prove the amount of damages sustained by them by reason of defendant's breach of the contract, as none such were involved.

MOTION for a new trial in an action for liquidated damages.

I. Gainsburg, for motion.

Breitbart & Breitbart, opposed.

City Court of New York, February, 1919.  [Vol. 106.

FINELITE, J.  This action came on for trial before the court and a jury.  At the conclusion of the evidence both sides moved for a direction, whereupon the court directed the jury to find a verdict for the plaintiff in the sum of $1,000, upon which a motion was made by the defendant for a new trial, which motion was entertained by the court.

The action is brought by the plaintiff to recover the sum of $1,000 as liquidated damages, predicated upon the following agreement:

" NEW YORK, *Sep. 24th,* 1918.

"Agreement made and entered into this twenty-fourth day of September, nineteen hundred and eighteen, by and between L. Simon & Co., of the City, County and State of New York, parties of the first part, and Max Linden, of the Borough of Brooklyn, City of New York, party of the second part.  The parties of the first part hereby agree to engage the party of the second part as designer in their factory for the period of one year beginning October seventh, 1918, and ending October fourth, 1919.  The parties of the first part agree to pay the party of the second part a weekly salary of $130.  The party of the second part, Max Linden, hereby accepts the position above stated for the period and salary above mentioned and agrees to give his entire time and attention to the entire satisfaction of L. Simon & Co.  *The party of the second part further agrees not to associate or interest himself in any other business whatsoever.  The party of the second part also agrees to pay on demand the sum of $1,000 as liquidated damages for his failure to fulfill his part of this contract.*  The above contract absolutely cancels any existing contracts prior to this date."

(Signed by the parties.)

The defendant contends that under the italicized clause in the above quoted agreement it is a penalty and not liquidated damages, and the plaintiff failing to prove any actual damages whatsoever arising by reason of either the loss of the defendant's services or the rendition of his services to any other firm, that therefore there cannot be any recovery under the instrument, and relies upon *Barnes* v. *Brown,* 130 N. Y. 372, 381, where the law is laid down as follows: "As a general rule, the damages which a party is entitled to recover against another for a breach of contract *are such as will indemnify him for the loss he has suffered by the default.* And it is with a view to that result that the rules for ascertaining and awarding damages have been adopted.

" The purpose of the rule in that respect is to leave a party in no worse and place him in no better, condition than he would have been if the act or default complained of had not been committed."

Defendant contends that this is not alone applicable generally to actions for damages, but that it is also applicable to a breach of contract for liquidated damages, for it is one of the fundamental principles in testing whether a stipulation in a contract is for damages or for a penalty, to find whether the parties had estimated the actual damages in advance and therefore stipulated them, for even damages must be estimated on a basis of just compensation, and substantially limited to it, or the sum fixed becomes a penalty, no matter by what name it is called.

This sounds plausible but not reasonable, as in all cases it depends upon the agreement entered into by the parties. In this action the defendant did not enter upon the performance of the agreement, but on the contrary refused to enter upon its performance, but entered the employment of a concern in a similar

business, and ignoring the stipulation or covenant entered into to pay damages in a fixed sum in the event of failure to comply with the terms of said agreement.

The law governing liquidated damages has long been settled, and is no longer a mooted question, as was stated in *Cotheal* v. *Talmage,* 9 N. Y. 551; 67 Am. Dec. 716, wherein Ruggles, J., writing the opinion, in an action brought to recover the sum of $500, fixed as liquidated damages in the event of breach of the contract of employment, states: "The only question necessary to be considered in this case is, whether the sum of $500 mentioned in the condition of the defendant's bond is a penalty to cover such damages as might be proved on the trial, or an amount liquidated and settled between the parties as the compensation to be paid upon the breach of the contract. The ablest judges have declared that they felt themselves embarrassed in ascertaining the principle on which the decisions upon questions like the present were founded (2 Bos. & Pul. 350). They have said that the law relative to liquidated damages has always been in a state of great uncertainty; and that this has been occasioned by judges endeavoring to make better contracts for parties than they have made for themselves (*Crisbee* v. *Bolton,* 3 Car. & P. 240). Best, Ch. J., says in that case, that parties to contracts, from knowing exactly their own situation and objects, can better appreciate the consequences of their failing to obtain those objects than either judges or juries; and that if a contract clearly state what shall be paid by the party who breaks it to the party to whose prejudice it is broken the verdict in an action for the breach should be for the stipulated sum; that a court of justice has no more authority to put a different construction on the part of an instrument ascertaining

the amount of damages than it has to decide contrary
to any other of its clauses. It is conceded by all that
courts are to be governed by the intention of the
parties, to be gathered from the language of the con-
tract and from the nature and circumstances of the
case. Where there is a contract to pay money, the
damages for its breach are fixed and liquidated by law,
and require no liquidation by the parties. An agree-
ment to pay greater damages is therefore regarded as
a penalty. But when the damages resulting from the
breach are uncertain in amount, as they are in all
other cases, the parties have the right to say how.
much shall be paid by way of compensation to the
party injured; and when they have settled that com-
pensation, neither a court of law nor a court of equity
will diminish its amount unless it be so grossly dis-
proportionate to the actual injury that a man would
start at the bare mention of it (2 Bos. & Pul. 351).
Where there is a manifest difficulty in ascertaining
damages arising from the breach of the contract, and
the fair conclusion is that the amount is specified and
agreed on for the purpose of saving the expense or
avoiding the difficulty of proving the actual damages,
the parties should be held to their bargain; and espe-
cially where the amount fixed and liquidated is not far
beyond what might probably be expected to arise
from a breach of the contract." See, to the same
effect, *Sun Printing & Pub. Co.* v. *Moore,* 183 U. S.
642, 659; *Ward* v. *Hudson River Bldg. Co.,* 125 N. Y.
230, 234, 235; *Mosler Safe Co.* v. *Maiden Lane Safe D.
Co.,* 199 id. 479.

In *Pastor* v. *Solomon,* 26 Misc. Rep. 125, which
was an action brought for the failure of an actor
to perform at a certain theatre in the city of New
York, wherein he was to work for a period of eleven
weeks at a salary of $220 per week, stipulating that

upon his failure to comply with the covenants of said agreement he was to forfeit the sum of $500, with the further provision in said contract: "And it is further contracted by and between the said several parties to this instrument that said parties of the second part shall not break this engagement, or violate any of the conditions of this agreement under a penalty of $500." In this case it will be noted in the instrument the word "penalty" was used instead of the words "liquidated damages." On an appeal to the Appellate Term of this court, Beekman, J., in upholding the direction of a verdict in favor of the plaintiff in the court below, stated: "A tendency towards a liberality of construction for the purpose of sustaining the agreement which the parties have made is manifest. * * * Where, then, the contract is of such a nature that the damages for its breach are speculative and conjectural, so that under the law as it stands the suitor could obtain little if any compensation for its violation, it is natural, and, therefore, permissible, to infer that any provision looking to the payment of a fixed sum in such an event was intended to meet and obviate a difficulty occasioned by the inability of the law to respond to the demands of justice. Under such circumstances, the sum so fixed, whatever the parties may agree to call it, if, as I have said, it is not unreasonable in its amount, will be treated as liquidated damages. The contract before us belongs to the class referred to. It provides for the rendition of services by the defendants as actors upon the stage, under stipulations for the breach of which adequate damages can rarely be awarded. It was, therefore, natural to expect some provision to give it enforcible value. That expectation is realized in the agreement which binds the defendants to pay the sum of $500 upon a breach of the engagement as it is called, or of any of

the conditions of the contract. It is true that it is called a ' penalty,' but, as we have seen, this is in no way controlling. It may have been misnamed, but it has a natural place in the contract, and a recognizable character despite the misnomer. Nor can it be said that the amount fixed is so excessive as to compel the conclusion that a penalty was intended. * * * My conclusion, then, is that the amount sued for was not a penalty, and that the trial justice was not guilty of error in directing a verdict for the full amount of the claim. The judgment must therefore be affirmed."

To the same effect is *Mapleson* v. *Del Puente,* 13 Abb. N. C. 144, and *Conried Met. Opera Co.* v. *Brin,* 66 Misc. Rep. 282.

*Dunn* v. *Morgenthau,* 73 App. Div. 147; affd. without opinion, 175 N. Y. 518, was an action similar to the one at bar. Patterson, J., writing for the court, held (p. 148): " The rule deducible from all the cases is, that where it is ascertainable from the terms of an agreement, construed in the light of the surrounding circumstances, * * * that a sum of money is agreed upon by the parties as the measure of damages * * * and the sum thus agreed upon * * * is not so excessive as to shock the moral sense, courts will hold the parties to their agreement and keep them bound by their contract. * * * When damages that may arise but are incapable of legal proof are agreed upon, the parties themselves come into accord as to compensation to be paid for a breach."

The defendant at the time he signed the agreement stipulated the amount in damages he agreed to pay to plaintiff. The amount was liquidated and fixed between them. He being the one that committed the breach should not, at this late day, be allowed to insist that plaintiff be put to proof to fix the amount of damages that plaintiff actually sustained on defend-

ant's breach of said agreement. This the plaintiff was not obliged to do, as no actual damage is involved; the amount of damages is fixed by the parties themselves.

The defendant was to receive a salary of $6,760 a year, payable weekly in the sum of $130. Taking into consideration the yearly salary, the amount fixed as liquidated damages is not so excessive as to shock the moral sense. See *Curtis* v. *Van Bergh,* 161 N. Y. 47, 52; *Kranitzky* v. *Banwer,* 119 N. Y. Supp. 661.

The cases of *Ridley* v. *Sudbrink,* 105 Misc Rep. 52, 56; *Fleischer* v. *Friob,* 97 id. 343, hold to the effect that where parties by their own act agree upon an amount to be paid on a breach of an agreement, the amount so fixed is liquidated and fixed, and that the courts cannot, or should not, make new agreements for the parties, and from the reading of said cases the court lays down no new proposition, but merely restates the law governing that question and as supported by the authorities here above cited.

In *City of New York* v. *Seely-Taylor Co.,* 149 App. Div. 98, 102, 103, Laughlin, J., writing for the court, said: " If it be assumed that the Seely-Taylor Company's bid were a valid and binding one, notwithstanding the mistake alleged, it could thereafter refuse to enter into a contract, and if it did so the only damage to which it was subjected was that provided in the section of the charter referred to. Its refusal forfeited to the city the amount of the deposit as ' liquidated damages.' Where a statute provides for liquidated damages, *or where there is a stipulation in a contract as to the amount of damages that is to be paid to either party for a breach, then, in the absence of fraud or mistake, the only question which arises is as to the breach. In that case the actual damage is not involved.* One cannot recover both. The recovery

of one precludes the recovery of the other. (*Cotheal v. Talmage*, 9 N. Y. 551; *Darrow v. Cornell*, 12 App. Div. 604; *Dunn v. Morgenthau*, 73 id. 147; affd., 175 N. Y. 518; *Shiell v. McNitt*, 9 Paige, 101; *Wood v. Niagara Falls Paper Co.*, 121 Fed. Repr. 818; *United States v. Alcorn*, 143 id. 995; *Morrison v. Richardson*, 194 Mass. 370.) *To permit a recovery of actual damage, where liquidated damages have been provided for, is to nullify the statute or destroy a contract with reference thereto. The sole purpose of providing for liquidated damages is to prevent, in case of a breach, any question being raised as to the amount that shall be paid or recovered therefor."*

From the reasoning of the authorities herein cited only one conclusion can be deduced from the breach of the agreement in question, that the damages covenanted by the defendant to pay are liquidated and not a penalty.

The motion for a new trial must therefore be denied, with exception to defendant.

Stay of ten days after notice of entry of judgment, and thirty days to make a case, if so desired.

Ordered accordingly.