MARY NICHTERN, Respondent, *v.* THOMAS M. JOHNSTON, Appellant.

Third Department, March 8, 1922.

**Vendor and purchaser — action for damages for breach of contract by vendor — attorney did not have authority to extend closing time — waiver of performance on day fixed by taking possession as tenant — mutual extension is not raised under the pleadings — expense incurred by plaintiff in moving into premises not alleged and so not recoverable.**

In an action by a purchaser to recover damages for a breach of contract by a vendor, it appeared that the attorney who drew the contract, and at whose office the title was to be closed, advised both parties that the search of the title would not be completed in time to close on the day fixed; that the plaintiff, notwithstanding the letter, attended at the office of the attorney on the day fixed for the purpose of carrying out her contract; that the defendant did not have his deed ready for delivery at that time, and has never executed the deed;

that plaintiff repeatedly thereafter requested the defendant to deliver the deed, and that she took possession under an agreement signed by her husband to occupy the premises as tenant until the title could be closed and, after being in possession for a short time, abandoned the premises.

*Held*, that it cannot be said as a matter of law that the attorney who drew the contract had authority from the plaintiff to extend the time of closing the title.

While the plaintiff, by going into possession of the property as tenant, waived performance of the contract on the day fixed therefor, the defendant is not in a position to contend that the time of closing was indefinitely extended by mutual consent and that he should not be placed in default until the plaintiff had fixed a definite and reasonable time in the future for such performance, as he did not allege said mutual extension as an affirmative defense and the question is not otherwise raised by the pleadings.

The only question to be tried was the alleged default on the day originally fixed for closing and that question was one for the consideration of the jury, whose verdict thereon in favor of the plaintiff is conclusive.

It was error to permit a recovery by the plaintiff of her expenses in moving into the defendant's house, for the reason that no facts are alleged in the complaint as the basis of such recovery.

APPEAL by the defendant, Thomas M. Johnston, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Columbia on the 14th day of February, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the 18th day of February, 1921, denying defendant's motion for a new trial made upon the minutes.

*Reevs, Scrugham & Arbuckle* [*John J. Hanrahan* of counsel], for the appellant.

*John C. Dardess*, for the respondent.

COCHRANE, P. J.:

On July 7, 1920, the parties made a contract whereby the defendant agreed to convey to the plaintiff certain real estate in the city of Yonkers. The contract provided that a deed with full covenants was to be delivered and the sale consummated on July 26, 1920, at the office of Mr. Baird, an attorney of Yonkers. At the time of the contract plaintiff paid on account thereof to the defendant $150 and agreed to make a further payment, assume a mortgage then on the property, and execute another mortgage for the unpaid purchase price at the time of the closing of the title. Mr. Baird drew the contract. A few days before July 26, 1920, the day fixed for closing the title, his firm wrote a letter to both parties stating that they had not completed their search of the title and that it would, therefore, be impossible to close the same on the day fixed but that they hoped to be able to do so the latter part of the following week and would inform the parties when ready. Notwithstanding this letter the plaintiff with her husband attended at the office of Mr. Baird on July twenty-sixth prepared to carry out her contract. The defendant did not have his deed ready for delivery and has

never executed the deed. Repeatedly thereafter plaintiff requested its delivery. In August, 1920, she took possession of the property under an agreement signed by her husband stating that he had agreed to occupy the premises as tenant until " such time as title to same has been properly closed." After being in possession for about a month and after repeated requests to the defendant for the deed the plaintiff abandoned the premises and brought this action for breach of contract by the defendant. The judgment herein awards her $150 for the money paid by her on account of the purchase price and $50 paid to a truckman for moving into the defendant's premises. The jury has found on conflicting evidence that the plaintiff did not employ Mr. Baird to search the title. He as a witness for the defendant did not so testify. The evidence suggests that the purpose of the search may have been to ascertain whether the defendant could safely give the required deed. It does not conclusively appear that the plaintiff authorized Mr. Baird to represent her in any particular except that he was to draw for her the bond and mortgage. It cannot be said, therefore, as matter of law that Mr. Baird had authority to extend the time of the closing of title and as a matter of fact the jury has found to the contrary.

By going into the property as tenant the plaintiff waived performance of the contract on the day fixed therefor. The defendant relies on the principle that when the time fixed for the performance of a contract has been indefinitely extended by mutual consent neither party may thereafter place the other in default without fixing a definite and reasonable time in the future for such performance. (*Darrow* v. *Cornell*, 12 App. Div. 604; *Scudder* v. *Lehman*, 142 id. 631.) The difficulty in the application of that principle is that no such issue is tendered by the pleadings. The complaint alleges attendance by the plaintiff at the time and place fixed by the contract for its fulfillment and her readiness and willingness to fulfill at such time and place and thereafter and her demand on the defendant for the performance of his contract and the continual neglect and refusal by the defendant to perform the same. Except for a counterclaim the answer contains denials only. The defendant did not allege as an affirmative defense the mutual extension of time for the performance of the contract nor any other excuse for his failure to perform. Therefore, the only question to be tried was the alleged default of the defendant on July 26, 1920. That question was one for the consideration of the jury and their verdict in favor of the plaintiff is conclusive thereon.

It was error, however, to permit a recovery by the plaintiff of the sum of fifty dollars for her expenses in moving into the defend-

ant's house for the reason that no facts are alleged in the complaint as the basis of such recovery. This objection was promptly taken at the trial and should have been sustained.

The judgment should, therefore, be modified by deducting therefrom fifty dollars, and the judgment as so modified and order should be affirmed, without costs.

Judgment modified by deducting therefrom fifty dollars, and as so modified judgment and order unanimously affirmed, without costs.