I respectfully dissent from the majority opinion affirming the trial court's granting of summary judgment in favor of appellee Columbian Mutual Life Insurance Company in the first assignment of error. Although I agree with the majority that there is no material issue of fact in dispute regarding Kensington Partners' breach of the agreement, I would find the liquidated damages clause in paragraph 16(a) of the agreement unenforceable and in conflict with the contract terms in paragraphs 14 and 15 of the agreement. I would reverse the trial court's ruling, award actual damages of $7,808 plus the $1,000 processing fee to Columbian, and require the return of the remaining balance of the $26,000 commitment fee, less damages, to Kensington.
Further, I would concur with the majority's finding and analysis on the second assignment of error.
With respect to the disputed liquidated damages clause, the majority properly noted, "common words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument." Alexander, 53 Ohio St.2d 241, paragraph two of the syllabus.
Here, paragraph 14 of the agreement outlines the "commitment fee," which is described as the consideration for the issuance of the agreement. This $26,000 figure, or 2 percent of the loan total, is later transformed into the disputed liquidated damages clause in paragraph 16(a).
A plain reading of the contract language in paragraph 14, however, makes it clear that in the event the loan does not close, the commitment fee is to be refunded less closing expenses and attorney fees. The pertinent language reads:
"[I]f lender disapproves any item or matter over which it hasdiscretionary approval under this document and as a result thereof lenderdoes not close this loan * * *
 "Lender shall refund the commitment fee to Borrower less any closingexpenses (as provided in this application/commitment) and attorney's feesincurred by lender (as provided in this application/commitment)."
Further, the language in paragraph 15 specifies that the borrower shall pay all costs and expenses associated with the loan, whether or not the loan closes. These specific costs and expenses are expressly identified:
"The costs and expenses include but are not limited to the fees andexpenses of lender's counsel, charges by any consulting environmentalengineer, recording and transfer fees and taxes and all other costs andexpenses incurred to satisfy the requirements of this agreement * * *"
Paragraph 16(a), which constitutes the liquidated damages clause, is in apparent conflict with the above sections by mandating the following:
"If borrower has not fulfilled all conditions precedent to closing,this agreement shall terminate and all fees held by lender shall beretained by lender as liquidated damages and lender and borrower shallhave no further duties or obligations to each other hereunder."
This clause purports to permit the recovery of both actual and liquidated damages and is thus an unenforceable penalty for a single breach. Darrow v. Cornell (1897), 12 A.D. 604; 42 N.Y.S. 1081. By specifying the payment of specific fees and costs in paragraphs 14 and 15 of the agreement, Columbian, which drafted the agreement, is precluded from converting the commitment fee into liquidated damages under paragraph 16(a).
As stated in Mentor Lagoons, Inc. v. Laity (May 24, 1985), Lake App. No. 10-184:
"Liquidated damages, by definition, are a `pre-breach' contractualestimation of the actual damages that would probably ensue from a breachof the contract. The parties agree in such a case that the liquidateddamages would be paid in the event of a breach. See Black's LawDictionary, (Special Deluxe 5 Ed. 1979) 353.
 "To allow a party to recover liquidated damages, as stipulated in thecontract, and to also prove and recover actual damages allows a doublerecovery since liquidated damages are a pre-determined amount of what theactual damages will be in case of a breach. If a valid stipulation ismade in the contract for payment of liquidated damages, the amountstipulated becomes the measure of recovery. No further recovery may behad by the complaining party. 30 Ohio Jurisprudence 3d (1981), Damages,Section 146.
 "If the stipulation of liquidated damages is a penalty rather thanliquidated damages, the party claiming damages may recover only suchcompensatory damages as he may be able to prove, that is, he is limitedto the recovery of actual damages. Sheffield-King Milling Co. v. DomesticScience Baking Co. (1917), 95 Ohio St. 180."
I would reject Columbian's efforts to distinguish between "costs of the loan" and "actual damages." The liquidated damages clause in paragraph 16(a) did not specifically state that it was the price for "keeping the loan open" or compensation for items not outlined in the contract. Columbian was free to pursue so-called "keeping the loan open" compensation as a legitimate cost in recovery as outlined under paragraphs 14 and 15 of the agreement. I would find the recovery of both actual and liquidated damages under these facts unwarranted, and that Columbian should be limited to the recovery of actual damages.