No. 13,191.

JAQUA v. HEADINGTON ET AL.

114  309
f154  147

114  309
183US667n

114  309
163  650
163  651

DAMAGES.— *When Deemed Liquidated.—Bond.—Penalty.*—Where the purchaser of land adjoining a town agrees, as part of the consideration, to extend through it certain streets of the town, and executes a bond providing that if the streets are not extended the obligors shall be bound in the " penal sum of two hundred and fifty dollars, the same to be recovered as liquidated damages," the sum named is not a mere penalty, but is recoverable as liquidated damages.

SAME.— *General Rule.*—Where the sum named is declared to be fixed as liquidated damages, is not greatly disproportionate to the loss that may result from a breach, and the damages are not measurable by any exact pecuniary standard, the sum designated will be deemed to be stipulated damages.

SAME.—*Form of Instrument not Controlling.*—The form of the instrument is not controlling, as the courts will look to the subject of the contract and to the consequences that will probably flow from a breach of its conditions.

From the Jay Circuit Court.

*J. B. Jaqua, D. T. Taylor* and *J. A. Jaqua,* for appellant.

*J. W. Headington* and *J. J. M. LaFollette,* for appellees.

ELLIOTT, J.—The appellees bought of the appellant a tract of land adjoining the town of Portland, and as part of the consideration which they agreed to yield for the land they promised to extend through it three of the streets of the town. This promise was embodied in a bond, and in the bond it was provided that if the streets were not extended the obligors should be bound in the " penal sum of two hundred and fifty dollars, the same to be recovered as liquidated damages." If the sum named is a mere penalty, then this appeal must fail; but if that sum is to be regarded as liquidated damages, the appeal must be sustained.

Few questions have more perplexed the courts than the one before us. The decisions are in hopeless conflict, and it is almost impossible to extract from them any satisfactory

general rule.   The decisions are little more than a multi-- tude of particular instances—a mere collection, indeed, of special cases.   We think, however, that out of the conflict and confusion one rule may be drawn, and that is this : 'Where the sum named is declared to be fixed as liquidated damages, is not greatly disproportionate to the loss that may result from a breach, and the damages are not measurable by any exact pecuniary standard, the sum designated will be deemed to be stipulated damages.   *Hamilton* v. *Overton,* 6 Blackf. 206 (38 Am. Dec. 136) ; *Duffy* v. *Shockey,* 11 Ind. 70 (71 Am. Dec. 348) ; *Studabaker* v. *White,* 31 Ind. 211 ; *Huff* v. *Lawlor,* 45 Ind. 80 ; *Spicer* v. *Hoop,* 51 Ind. 365 ; *Wolf* v. *Des Moines, etc., R. W. Co.,* 64 Iowa, 380.

The form of the instrument does not control, for the courts will look beyond that to the subject of the contract and to the consequences that will probably flow from a breach of its terms or conditions.   *Mathews* v. *Sharp,* 99 Pa. St. 560 ; *Wolf* v. *Des Moines, etc., R. W. Co., supra.*

In this instance it is clear that justice requires that the sum agreed upon should be treated as liquidated damages. The amount fixed by the contract represents two hundred and fifty dollars of the purchase-price of the land.   That amount is the value placed upon' the streets which the appellees bound themselves to open, and that promise, when executed, pays just that amount of the purchase-money.   If it is not executed, then the appellees wrongfully withhold just that much of the consideration they bound themselves to pay for the land.   The parties, by their own agreement, have affirmed that the extension of the streets was of the value of two hundred and fifty dollars, and, as the appellees have received full consideration for that sum, we can perceive no reason why it should not be recoverable as liquidated damages, as it was stipulated in their contract that it should be.   If the sum fixed can not be recovered, then there is no exact standard by which the recovery can be measured, and the appellant will be compelled to accept to the extent of two

hundred and fifty dollars, a price fixed by other men upon his own property, and this, too, in a case where the parties have deliberately fixed the value and written it in their contract. Neither right nor justice sanctions such a conclusion, and it can not have ours.

As the sum fixed in the bond is recoverable as liquidated damages, the plaintiff was not bound to show any special damages. *Spicer* v. *Hoop, supra;* *Stanley* v. *Montgomery,* 102 Ind. 102.

Judgment reversed.

Filed March 30, 1888.