# BARBER ASPHALT PAVING COMPANY v. CITY OF WABASH.

[No. 6,257. Filed January 26, 1909.]

1. MUNICIPAL CORPORATIONS.—*Street Improvement Contracts.— Time Limits.—Liquidated Damages.*—Municipal corporations, in their contracts for street improvements, may fix a time within which the work shall be completed, and may stipulate for liquidated damages in case of a violation thereof. p. 170.

2. EVIDENCE.—*Judicial Notice.—Seasons.—Time of Making Street Improvements.*—Courts take judicial notice of the seasons of the year and that street improvements are not made during the winter months. p. 172.

3. CONTRACTS.— *Consideration.— Street Improvements.— Time for Completion.*—An agreement by a contractor to make certain street

improvements within a certain time is a sufficient consideration to support a contract for such street improvements.  p. 172.

4. CONTRACTS.—*Liquidated Damages.*—*Waiver.*—*Municipal Corporations.*—Where a contractor contracted with a city for the making of street improvements within a certain time, failing therein the contractor agreed "to pay and forfeit to the city" a certain sum, the payment of the assessments by the property owners, and the payment of a part of the cost assumed by such city do not waive the city's claim for liquidated damages.  p. 173.

5. DAMAGES.—*Liquidated.*—*Question for Court.*—*Contracts.*—The question whether certain damages specified in a contract are liquidated is for the court.  p. 173.

6. DAMAGES.—*Liquidated.*—*Failure to Complete Street.*—*Cities.*—*Contracts.*—There is no definite standard of ascertaining the exact damages sustained by a city, the frontagers, and travelers, by reason of a contractor's failure to complete street improvements within the contract period; and the parties have the right to stipulate in advance the amount of such damages.  p. 174.

7. DAMAGES.—*Liquidated.*—*Estoppel.*—One contracting to pay liquidated damages in case of a breach of his contract is estopped from claiming that no damages were sustained.  p. 174.

8. WORDS AND PHRASES.—*"Forfeit."*—*Contracts.*—The word "forfeit," as used in a contract providing for damages in case of a breach, ordinarily but not always imports a penalty, the true meaning being determined by the connection in which it is used.  p. 174.

9. CONTRACTS.—*Street Improvements.*—*Time of Completion.*—*Liquidated Damages.*—*Cities.*—A contract requiring the contractor to complete certain street improvements "on or before October 1," and "to forfeit to the city * * * as liquidated damages" a certain sum per day thereafter until completion, provides for liquidated damages, and not for a penalty.  p. 175.

From Wabash Circuit Court; *A. H. Plummer*, Judge.

Action by the Barber Asphalt Paving Company against the City of Wabash. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Wilson & Townley*, for appellant.

*Shively & Switzer*, for appellee.

MYERS, J.—By this action appellant sought to collect from appellee $750 on account of a written contract entered into between appellant and appellee for the improvement of a certain street in the city of Wabash pursuant to the

provisions of an act of the General Assembly of this State, approved March 11, 1901 (Acts 1901, p. 534, §§3623a-3623h Burns 1901).

The complaint was in one paragraph, to which a demurrer for want of facts was sustained. Plaintiff refused to plead further, and judgment was rendered against it and in favor of appellee for costs.

From the complaint it appears that the contract in question called for the improvement of a certain portion of Wabash street in the city of Wabash, according to certain plans and specifications relative thereto and made a part of said contract. Neither the plans, specifications, demand for bids, nor appellant's bid or the acceptance of its bid, contains any provision fixing a certain time for the completion of the work, but the written contract subsequently entered into did provide that

> "said improvement shall be finally and in all respects completed on or before October 1, 1901, and the party of the first part agrees to pay and forfeit to the city of Wabash, as liquidated damages, the sum of $25 for each and every day after said October 1, 1901, until said work is finally completed and ready for acceptance by the party of the second part."

Said specifications, among other provisions, contained the following:

> "The work shall be commenced and carried on to completion at such points as the city engineer may designate. No square shall be blocked except where the contractor is actually working, and each square, as soon as the pavement is laid, at the discretion of the engineer, shall be thrown open to public use; but such openings or using of the street shall not be deemed or held to be an acceptance of any part of the work. The engineer from time to time may suspend the work at certain places, or altogether, if, in his opinion, public need requires it; but said engineer shall not have the right to stop the work altogether for more than one week at a time, excepting that, whenever in the opinion of said engineer the weather is not suitable for doing work, he may cause the work to be suspended."

It is also shown that the proposed improvement was more than 3,000 feet in length and intersected by a number of cross-streets; that appellant, pursuant to said contract, entered upon the work of making said improvement, but failed to complete the same until October 31, 1901; that pursuant to law the cost ($26,807.38) of making said improvement was assessed in part against said city, and the balance against the property abutting the improved portion of said street; that the amount so assessed against the abutting property has been paid, as well as the amount assessed against said city, except said sum of $750, which said city refused to pay solely because of appellant's delay in the completion of said work. The complaint also states "that the defendant was not damaged or injured in any sum whatever by plaintiff's delay in the completion of said improvement."

The parties to this appeal by their briefs, under the heading "Propositions or Points" (rules of the Supreme and Appellate Courts, §22, cl. 5), present but one question, and that question rests on the effect to be given that stipulation in the contract relating to the time when the work shall be completed and ready for acceptance. If this stipulation is to be construed as fixing a penalty, the judgment must be reversed. If it is a case of liquidated damages the judgment must be affirmed.

Appellant, in connection with the question just stated, has submitted for our consideration certain other questions which we will first notice. Appellant insists that the

1.  stipulation in regard to time was for the benefit of the abutting property owners, and as the city did not consider it in making the assessments against the abutting property it thereby waived its right to insist upon the payment of any damages for delay, citing *Gulick* v. *Connely* (1873), 42 Ind. 134, 136; that such stipulation was invalid, for the reason that the procedure in cases of this

NOVEMBER TERM, 1908.    171

Barber Asphalt Pav. Co. *v.* City of Wabash—43 Ind. App. 167.

kind is governed by statute, and, as the statute is silent on that subject, the common council had no authority to include it in the contract, and because there was no new consideration moving to the contractor to assume any obligation other than that named in the specification, citing *State, ex rel.,* v. *Common Council, etc.* (1894), 138 Ind. 455, 463.

In the case last cited the opinion discloses that the common council had instructed the mayor on behalf of the city to enter into a certain contract, and the question in that case was whether the mayor had exceeded his authority, the contract as signed not having been approved by the council.

In the case before us there is no claim that the contract was not duly entered into on the part of the city, or that it was not the contract of appellant. Appellant proceeded under the contract. All the rights it claimed were by virtue of the contract, and any burden it may have legally incurred thereby was enforceable unless released in some manner authorized by law.

While the preliminary proceedings had by the city did not call for a time limit for the completion of the work, yet upon the theory that cities have no right to obstruct streets for an unreasonable length of time in making public improvements (*Cummins* v. *City of Seymour* [1881], 79 Ind. 491, 495), and in the making of such improvements they act ministerially, and their negligence may be the basis of an action (*Murphy* v. *City of Indianapolis* [1902], 158 Ind. 238) ; and being required by law to exercise reasonable care to keep the streets in a safe condition for travel (*City of Muncie* v. *Hey* [1905], 164 Ind. 570; *City of Vincennes* v. *Spees* [1905], 35 Ind. App. 389), and having the power to contract for the making of the improvements, carries with it the implied power necessary to make this contract effective. *Boyce* v. *Tuhey* (1904), 163 Ind. 202. The council, having in mind these, as well as other well-settled principles

of law relative to its duty regarding streets and its power over the same, no doubt desired a speedy consummation of the proposed improvement, and to that end had the stipulation in question inserted in the contract. It has been held that after bids have been received for a street improvement, the council may include extra work not specified in the improvement ordinance or in the advertisement for bids, and assess the cost of such work against the abutting property. *Boyd* v. *Murphy* (1891), 127 Ind. 174. The holding in that case goes farther than we are required to go in order to uphold the action of the council in requiring a time limit.

Courts take judicial knowledge of the seasons of the year (*Wasson* v. *First Nat. Bank* [1886], 107 Ind. 206, 219), and it is a matter of common knowledge that in this cli-

2. mate street improvements of the character contemplated by the parties are not made during the winter months, and for that reason the council in awarding the contract was interested in having the improvement made during seasonable weather, and the streets cleared before the time when climatic conditions were likely to stop the work.

The fact of appellant's agreement to complete the

3. work within a specified time, naught appearing to the contrary, might have been an inducement for the council to enter into the contract with appellant, and is of itself a consideration sufficient to support the stipulation.

The case of *Gulick* v. *Connely, supra,* cited by appellant was one where the property owner sought to have his assessment reduced by reason of a provision in the contract which provided "that five per cent per month should be deducted from the assessment of all work done after the extension of the time of the completion of the contract." Held, that the time to enforce the provision was when the last assessment was allowed, and that the provision was enforceable or not at the option of the city.

In the case at bar more than $4,000 of the cost of the improvement was assessed against appellee, and the com-

plaint shows that all of said sum had been paid except $750. Here the provision is that appellant "agrees to pay and forfeit to the city of Wabash as liquidated damages" the sum of $25 for each and every day, etc. Its promise was made to the city. The city retained $750 of the amount due from it to appellant. These facts are far from showing a waiver on the part of the city to claim the benefit of the breach of the contract to complete the work within the specified time, and the case of *Gulick* v. *Connely, supra,* as to this question, is not in point.

Again, referring to the language of the contract in question, is the *per diem* payment to be regarded in the nature of a penalty or as liquidated damages? This is purely a question for the court (2 Parsons, Contracts [9th ed.], *492), and it may well be said that it is one, as here presented, not easily answered, for the reason that there are but few well-established rules applicable alike to all cases of this character. Many cases will be found in the books, but, as a rule, they are made to rest upon facts peculiar to the individual case. The case here is one to be determined from the contract. The breach is admitted, and the complaint alleges that no damages whatever resulted to appellee because of the breach. Such an allegation might be important in some cases, but is of slight weight in this case, when we consider the language employed, the situation of the parties, and the subject-matter of the agreement at the time it was made. It is clear that the parties could not say in advance whether a failure to complete the work within a given time would result in considerable damages or none at all. Heretofore in this opinion we have given some attention to the importance of an early completion of the improvement, and what we then said is pertinent in determining the question of the intention of the parties, which is often taken by the courts as a controlling guide in determining cases of this class. We assume that when the contract was entered into appellant was acting in good

faith, and believed that forty-seven days was time enough in which to do the work, but for some reason, not given, thirty additional days were required.

The appellant largely relies upon the word "forfeit," found in the stipulation before quoted, to maintain its contention that the contract calls for actual damages only. There was not at the time of making the contract, nor is there now, any rule or pecuniary standard by which to measure all damages which might result to the abutting property owners or to the city or to the users of the street by reason of unnecessary delay in completing the work. The subject being one where the question of damages might likely arise, it was proper for the parties to agree upon such damages in advance, and have their agreement enforced, unless to do so would work an absurdity or be unduly oppressive. *Menges* v. *Milton Piano Co.* (1902), 96 Mo. App. 283. Nothing appearing in this case to take it out of the general rule, appellant will not be heard to say on finishing the work, and after making certain that which at the time was uncertain, conjectural and difficult to prove, that no loss did actually result from its breach of the contract. The word "forfeit" ordinarily imports a penalty, but not necessarily so. Its meaning is determined, like the words "liquidated damages," by the connection in which it is used. *Merica* v. *Burget* (1905), 36 Ind. App. 453; *Chaude* v. *Shepard* (1890), 122 N. Y. 397, 25 N. E. 358; *Noyes* v. *Phillips* (1875), 60 N. Y. 408; *Ex parte Alexander* (1890), 39 Mo. App. 108; *Pogue* v. *Keweah Power, etc., Co.* (1903), 138 Cal. 664, 72 Pac. 144; *Eakin* v. *Scott* (1888), 70 Tex. 442, 7 S. W. 777; *Wibaux* v. *Grinnell Live Stock Co.* (1889), 9 Mont. 154, 22 Pac. 492; Mayne, Damages (5th ed.), 146; *Pastor* v. *Solomon* (1899), 55 N. Y. Supp. 956; 3 Parsons, Contracts (9th ed.), *157; *Streeper* v. *Williams* (1865), 48 Pa. St. 450.

The court, in *People* v. *Love* (1862), 19 Cal. 676, in

speaking of the word "penalty," said: "For determining whether a specified sum was intended and must be treated as a penalty or as liquidated damages, it is a well-established principle of construction that it will be treated and enforced as liquidated damages where it is agreed to be paid for doing or failing to do an act in respect to which the damages are uncertain and not measurable by any exact pecuniary standard."

In the case of *Hall* v. *Crowley* (1862), 5 Allen (Mass.) 304, 81 Am. Dec. 745, the court had under consideration the effect of the word "forfeit" as used in a contract containing the following clause: "For each and every day's delay in the completion of said houses after December 1, said Hall is to forfeit $5." The court, after concluding that the sum named was reasonable, and should be treated as liquidated damages and was so intended, said: "In cases of this nature, where the intent of the parties is so clear, the use of the word 'forfeit' in the clause providing for damages in case of a breach is not regarded as of much weight." Citing *Lynde* v. *Thompson* (1861), 2 Allen 456.

This court in the case of *Merica* v. *Burget, supra,* followed the rule declared in *Jaqua* v. *Headington* (1888), 114 Ind. 309, wherein it was said that "where the sum named is declared to be fixed as liquidated damages, is not greatly disproportionate to the loss that may result from a breach, and the damages are not measurable by any exact pecuniary standard, the sum designated will be deemed to be stipulated damages." *Texas, etc., R. Co.* v. *Rust* (1883), 19 Fed. 239, 241; *Studabaker* v. *White* (1869), 31 Ind. 211, 99 Am. Dec. 628.

In *Nilson* v. *Jonesboro* (1893), 57 Ark. 168, 20 S. W. 1093, the town had granted to Nilson and others the right, for a term of years, to lay tracks and operate a street railroad in certain streets within the town. The contract contained a stipulation requiring the completion of the road within a specified time. For the breach of that stipulation it was

provided that the parties holding the right should forfeit the privileges granted by the town, and should "also forfeit and pay the sum of $500" to the town. The breach was admitted and the actual damages to the town by virtue of the breach agreed to be $50. The question in the case was whether the stipulated sum should be considered as a penalty or as liquidated damages. In considering the case the court said: "In the case at bar the appellee is a municipal corporation, and could not in its corporate capacity suffer any injury by a breach of the contract. If an actual loss was contemplated by the stipulation in question, it could only therefore have been such as would result to the public. And as the parties must have known that it was wholly impracticable to measure this by any rule of damages, it is reasonable to suppose that they intended to fix by the terms of the contract the precise sum recoverable for its breach. *Clark* v. *Barnard* [1883], 108 U. S. 436, 460, 2 Sup. Ct. 878, 27 L. Ed. 780. The stipulated sum is not so large as to be suggestive of an intention to make it a penalty, and no argument in favor of treating it as such can be drawn from the form or language of the instrument. The phrase, 'forfeit and pay,' found in the third clause, when construed with all the other provisions of the contract, cannot reasonably be taken to have any other meaning than that, in the contingency there mentioned, the appellants would become liable to pay and should pay to the appellee the sum of $500."

Appellant insists that under the part-performance rule applicable to contracts of the character in question, the sum named should be construed as a penalty and not as liquidated damages. The pleaded facts do not bring the case within that rule. So far as appears, a greater part of this improvement may have been done after the time fixed in the contract for its completion.

Judgment affirmed.