# CHARLESTON.

## WILKES v. BIERNE et al.

Submitted June 9, 1909.  Decided October 25, 1910.

DAMAGES—*Liquidated Damages.*

    In a contract to support and maintain one for the remainder of his life, fixing a sum to be paid in case of breach and denominating it a "penal sum," the amount cannot be construed to be liquidated damages, when there is nothing in the nature of the

case and the tenor of the agreement indicating that the parties themselves fairly estimated and adjusted the damages at the time of making the contract. .

(WILLIAMS, JUDGE, Absent: Counsel below).

Error to Circuit Court, Greenbrier County.

Action by James Wilkes against H. H. Bierne and others. There was a verdict for plaintiff, which was set aside, and a new trial awarded, and plaintiff brings error. .

*Affirmed.*

*Charles S. Dice,* for plaintiff in error.

*Henry Gilmer* and *J. A. Preston,* for defendant in error.

ROBINSON, PRESIDENT:

Wilkes conveyed land and transferred property to Bierne in consideration of a comfortable home and maintenance during life. The arrangement was evidenced by a written contract, in which H. H. and Blanche T. Bierne bound themselves to furnish the home and maintenance, and do other things, for the consideration stated. Then the contract contained this clause: "The said H. H. Bierne and Blanche T. Bierne obligate themselves, jointly and severally, to the said James Wilkes in the penal sum of one thousand (1000) dollars, yet to be paid only on the condition of their failure to comply with their part of this agreement." For more than thirteen years the Biernes supported and maintained Wilkes and furnished him that which they had agreed. Then, it is claimed by Wilkes, he was driven from the home, and the contract to maintain and support him was not further kept. In a suit for damages by the alleged breach, the jury gave Wilkes a verdict for one thousand dollars. The court set aside the verdict and awarded a new trial. The writ of error brings up for review the action of the court in this particular.

The plaintiff insists that the verdict in his favor is fully justified by law and the evidence, and that he is entitled to judgment thereon. He argues that the court could not disturb the verdict, since it rested upon conflicting testimony of witnesses whose credibility the jury were entitled to judge. The court in its order recited a reason for its action in disturbing the verdict, and this argument is applicable to the reason stated. But, on the other hand, by the defendants we are pointed to that which

they allege to be an error in the trial as to law. If this point is well taken, and error at the trial was committed to the prejudice of the defendant, it justifies the setting aside of the verdict, regardless of any reason given.

The case was tried on the theory that the plaintiff was entitled to recover, if anything, the full sum of one thousand dollars mentioned in the written contract. No other measure of damages was inquired into. And the court instructed the jury that if they believed from the evidence that the plaintiff was entitled to recover anything at all, they should find in his favor the full sum of one thousand dollars. Thus the amount which is denominated in the contract a penal sum was considered as liquidated damages. Did the court err in so viewing it? We must answer in the affirmative.

The parties call the sum a penal one. They do not name it as liquidated damages. Nor do the circumstances and the nature of the case indicate that it should be considered other than as a penalty. Great reluctance is shown in construing as liquidated damages a sum expressly called penal. 1 Sedg. Dam. sec. 410. The language in this regard is not conclusive, but it indicates the intention of the parties. To overthrow the intention thus expressed there must appear considerations forcibly indicating a contrary one. We do not observe such considerations in this case. That which Chief Justice Marshall said, in an analogous case, applies here: "In general, a sum of money in gross to be paid for the non-performance of an agreement, is considered as a penalty. It will not, of course, be considered as liquidated damages. Much stronger is the inference in favor of its being a penalty, when it is expressly reserved as one. The parties themselves denominate it a penalty, and it would require very strong evidence to authorize the court to say that their words do not express their own intention." *Taylore* v. *Sandiford*, 7 Wheat. 13.

Besides, a just view of the contract and the case in which it is involved demands an interpretation giving actual damages for the breach, regardless of the use of the word "penal." Is there anything to indicate that the full one thousand dollars was to be forfeited if the breach did not take place until the day before the death of the party to be supported and maintained? Must we say that such unreasonable compensation was

intended? Surely not, unless there are cogent reasons demanding such construction. And we find none. Wilkes received support for thirteen years. What is there in the contract or the nature of the case to indicate that he shall demand as much now as he could have demanded if the parties had given him support for only one day? Wilkes paid for support for the remainder of his life by giving property. He gave a thing for what he considered an equal thing. Shall we now construe the contract so that he will receive more in one event than he would have received in another? Nothing indicates that the parties so intended, and it is not just to presume that they did. Contracts are not construed so as to give damages wholly disproportionate to the loss. "Where the agreement has been partially performed, it is the policy of the courts to regard the damages as a penalty, and allow the plaintiff to recover only such damages as he has actually sustained." 13 Cyc. 104.

In some cases, where, from the nature of the subject or from peculiar circumstances, the damages are uncertain and not ascertainable by any known and safe rule, or where, from the nature of the case and the tenor of the agreement, it is apparent that the damages have been the subject of actual fair estimate and adjustment by the parties themselves, the sum named to be paid for the breach may be inferred to have been intended as liquidated damages. *Charleston Lumber Co.* v. *Friedman,* 64 W. Va. 151. But the case before us has none of those elements which must demand that the sum be construed to be other than what it is denominated by the parties. The damages for failure to support are ascertainable by a known and reasonably certain rule. Nor is it apparent that the damages were the subject of estimate between the parties. There is nothing in the case indicating that the parties meant to actually adjust the damages when the contract was made, and in fact the tenor of the agreement is that they did not adjust them. The case is clearly not of the character of those in which the sum to be paid may be construed to be liquidated damages. Even were it a doubtful case in this particular, the doubt would have to be resolved in favor of a construction that the sum stands as a penalty for the recovery of actual damages. 1 Sedg. Dam., sec. 408.

The sum stipulated is one collateral to the object of the contract. That object is support and maintenance. Most evidently

the sum was inserted simply as security for performance. There is nothing so peculiar in the case as to make us view it otherwise "Where the stipulated sum is wholly collateral to the object of the contract, being evidently inserted merely as security for performance, it will not be allowed as liquidated damages." 1 Sedg. Dam., sec 410.

The error in the instruction to the jury justified the action of the court in disturbing the verdict. This conclusion makes it unnecesary, indeed improper, to consider the question of the weight of the evidence. The order setting aside the verdict and awarding a new trial will be affirmed.

*Affirmed.*