## ZENOR *v.* PRYOR.

[No. 8,442.  Filed November 19, 1914.]

1. PLEADING.—*Complaint.—Answer.*—Prior to the act of 1911 (Acts 1911 p. 415, §§344, 348 Burns 1914), concerning proceedings in civil cases, an answer had no office to perform until the plaintiff had placed on file a complaint which stated a cause of action against the defendant. p. 225.

2. CONTRACTS.—*Action. — Complaint. — Sufficiency.* — A complaint averring the execution of a written contract between plaintiff's assignor and the defendant, whereby the latter purchased a lot for a specified sum payable in certain installments, and plaintiff's assignor was to deliver a warranty deed together with abstract when all payments had been fully made, etc., was insufficient on the theory that it stated a cause of action on the contract, in the absence of any averment of performance or tender of performance on the part of plaintiff's assignor. p. 226.

3. DAMAGES. — *Liquidated Damages. — Complaint. — Sufficiency.* — Where the sum named in a contract to be paid on its breach is to be treated as liquidated damages, a complaint to recover such sum is sufficient without averring actual damages; but if such sum is to be regarded as a penalty, actual loss or damage resulting from the breach must be alleged. p. 226.

4. DAMAGES.—*Construction of Contract.—Penalties.*—Where there is doubt as to whether a sum specified to be paid on breach of a contract was intended as liquidated damages or a penalty, the courts favor that interpretation which makes such sum a penalty. p. 227.

5. DAMAGES.—*Penalties.*—*Form of Contract.*—The form of the contract does not control in determining whether the sum named to be paid in case of a breach is to be deemed liquidated damages or a penalty. p. 227.

6. DAMAGES.—*Construction of Contract.*—*Penalties.*—Where the payment of a smaller sum is secured by a larger, or where the stipulation to pay upon a default is so framed as to render the defaulting party liable in the same amount without regard to whether the failure to perform is complete or only partial, or where there is nothing in the contract to indicate that the parties meant to actually adjust the damages, and the stipulated sum is wholly collateral to the object of the contract, the sum so stipulated will be regarded as a penalty, and not as liquidated damages. p. 227.

7. DAMAGES.—*Construction of Contract.*—*Penalties.*—*"Forfeit"*.—A contract for the sale of land upon installments, providing that the purchaser should forfeit as liquidated damages an amount equal to the full purchase price of the land in case he failed to pay the installments as provided, must be construed as providing a penalty and not liquidated damages, since, though the parties designated the sum as liquidated damages, the use of the word "forfeit" strongly implies a penalty, and to treat the sum as liquidated damages would permit a recovery in the same amount for a partial breach as for a complete failure, and in any event the recovery of a larger sum than the balance due. p. 228.

From Owen Circuit Court; *James B. Wilson,* Judge.

Action by John W. Zenor against James W. Pryor. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Homer Elliott,* for appellant.
*Willis Hickam* and *E. E. Pryor,* for appellee.

HOTTEL, J.—This action was brought by appellant against appellee and is based on the following written contract, filed as an exhibit with the complaint, viz.,

"$205.00                    Spencer, Ind. Nov. 5, 1909.

I hereby purchase of Spencer Commercial Club of the town of Spencer Lot number 8 in Prospect Park addition to the said town of Spencer for the sum of Two Hundred five dollars, which amount I agree to pay as follows: $25.00 cash, one fifth of balance in 60 days, one fifth in 90 days, one fifth in 4 months, one fifth in 5 months and one fifth in 6 months after date, with interest on deferred payments at the rate of 6 per cent. from

date, all without relief from valuation or appraisement laws. Warranty Deed together with an abstract to be made to me for said lot when all payments therefor are fully made. In case any defects are found in the title to said lot a reasonable time shall be allowed said Commercial Club in which to correct the title. I further agree that if I fail to pay for said lot as above specified I will forfeit as liquidated damages for such breach of this contract and default of such payment, an amount equal to the full purchase price as above stipulated. Negotiable and payable at Exchange Bank Spencer, Indiana. J. V. Pryor. Witness John H. Smith.''

The complaint avers in substance the execution of the contract and that by it the appellee agreed to pay the amount therein set out in the manner and at the times and in the amounts as therein stated; ''that by the further terms of said instrument said defendant agreed that in case he should fail to pay said amounts as herein specified, that he would forfeit as liquidated damages for such breach of the said contract and default of such payment an amount equal to the full purchase price as above stipulated. That afterwards, to wit: On the 17th day of December, 1909, and before the payments mentioned in said instrument were due, the said Spencer Commercial Club by its president and secretary assigned said instrument to plaintiff herein by written endorsement on the back thereof, a copy of which said endorsement is made a part hereof and is marked 'Exhibit B.' That said instrument was endorsed and assigned to plaintiff as collateral security for a note for $3,800.00 executed by said Spencer Commercial Club to said plaintiff; that said note is yet unpaid, and that by reason thereof and by reason of said assignment of said instrument, the plaintiff then became and ever since has been the holder and legal owner thereof. That but $25.00 has been paid on said obligation by defendant; that there is now due and unpaid of principal, interest and forfeiture as above set out, the sum of $219.85. Wherefore plaintiff prays judgment against defendant in the sum 'of $220.00 and for all other proper relief.''

To this complaint appellee answered in two paragraphs. The first paragraph was a general denial, and the second an affirmative paragraph setting out at great length the facts and circumstances connected with the purchase and sale of said lot by the Spencer Commercial Club and averring that certain representations and promises were made by the club as an inducement to, and as part of the consideration for, appellee's agreement in the contract sued on; that such promises were not kept by the club and that as a result the consideration for appellee's agreement to pay has failed except as to the $25 cash payment.

Appellant demurred to said second paragraph of answer which demurrer was overruled, and appellant electing to stand on such ruling, appellee withdrew his first paragraph and judgment was rendered on the pleadings in favor of appellee and against appellant for costs.

The only error assigned is the overruling of the demurrer to said paragraph of answer. The complaint was filed on January 23, 1911, and hence the question of determining its sufficiency is not affected by the act of 1911. Acts 1911 p. 415, §§344, 348 Burns 1914. Under the law as construed previous to the passage of said act, an answer has no office to perform until the plaintiff has placed on file a complaint which states a cause of action against the defendant. *Alexander* v. *Spaulding* (1903), 160 Ind. 176, 180, 66 N. E. 694, and authorities cited. We therefore first consider the sufficiency of the complaint. It is not clear from the averments of the complaint whether appellant sought to recover on his contract the balance of the purchase money due for said lot or to recover on the forfeiture clause of such contract. However, for the purpose of this appeal, if the complaint states a cause of action on any theory, it should be held sufficient by this court.

The complaint contains no averments, either general or special, of performance of the conditions of the contract, to

be performed by appellant's assignor, the Spencer
Commercial Club, and no averment of a tender of the
2. deed and abstract to the lot mentioned in the agreement sued on, and hence, under the authorities, fails to state a cause of action to recover on the contract the balance of the purchase money due on the lot sold. *Summers* v. *Sleeth* (1874), 45 Ind. 598; *Clark* v. *Continental Improv. Co.* (1877), 57 Ind. 135; *Ginther* v. *Rochester, etc., Co.* (1910), 46 Ind. App. 378, 387, 99 N. E. 698; *Wile* v. *Rochester Improv. Co.* (1900), 24 Ind. App. 422, 56 N. E. 928.

Judged by the amount of the recovery asked and by all the averments of the complaint the trial court doubtless treated it as being sufficient to state a cause of action
3. under the forfeiture clause of the contract sued on.
Whether it was good on this theory depends on whether the amount stipulated in such forfeiture clause be treated as liquidated damages or as a penalty. If, under the law, such specified sum should be treated as liquidated damages the complaint is sufficient, but if such sum should be treated as a penalty the complaint is not sufficient. This is so because if such sum is to be treated as liquidated damages the amount of recovery is fixed by the contract and the averments of the failure to perform such contract without any averments of actual damage is all that is necessary. *Howard* v. *Adkins* (1906), 167 Ind. 184, 191, 78 N. E. 665; *Burley Tobacco Soc.* v. *Gillaspy* (1912), 51 Ind. App. 583, 100 N. E. 89; *J. I. Case, etc., Mach. Co.* v. *Souders* (1911), 48 Ind. App. 503, 96 N. E. 177; *Bird* v. *St. Johns Episcopal Church* (1900), 154 Ind. 138, 147, 148, 56 N. E. 129; *Spicer* v. *Hoop* (1875), 51 Ind. 365, 368; *Jaqua* v. *Headington* (1888), 114 Ind. 309, 16 N. E. 527; *Stanley* v. *Montgomery* (1885), 102 Ind. 102, 26 N. E. 213. But, if such sum must be treated as a penalty, then the complaint should not only have averred the failure to perform the contract; but it should have also averred that actual loss or damage resulted from such failure. *Newman* v. *Perrill* (1880), 73 Ind. 153,

155; *J. I. Case, etc., Mach Co.* v. *Souders, supra; Howard* v. *Adkins, supra.*

The question presented is not free from difficulty. As was said by the Supreme Court in the case of *Jaqua* v. *Headington, supra*: "Few questions have more perplexed the courts than the one before us. The decisions are in hopeless conflict, and it is almost impossible to extract from them any satisfactory general rule. The decisions are little more than a multitude of particular instances —a mere collection, indeed, of special cases." The particular cases, however, all recognize that, where the contract leaves in doubt the question whether the sum specified therein by the contracting parties was intended as liquidated damages or a penalty, the tendency of the courts is in favor of that interpretation which makes such specified sum a penalty. *Merica* v. *Burget* (1905), 36 Ind. App. 453, 464, 75 N. E. 1083, and cases cited; *Wilkes* v. *Bierne* (1910), 68 W. Va. 82, 69 S. E. 366, 31 L. R. A. (N. S.) 937, 939, and authorities cited; *Mt. Airy Milling, etc., Co.* v. *Runkles* (1912), 118 Md. 371, 376, 84 Atl. 533; 1 Pomeroy, Eq. Jurisp. (2d ed.) §440. The cases also recognize and announce that, "The form of the instrument does not control, for the courts will look beyond that to the subject of the contract and to the consequences that will probably flow from a breach of its terms and conditions." *Jaqua* v. *Headington, supra,* 310. And, " 'If upon the whole agreement the court can say that the sum stipulated to be paid was intended to be a penalty,' the court will so treat it, without regard to how the parties have designated it." *Bell* v. *Scranton Coal Mines Co.* (1910), 59 Wash. 659, 110 Pac. 628. See also, *Sanford* v. *First Nat. Bank* (1895), 94 Iowa 680, 63 N. W. 459.

Pomeroy in his Equity Jurisprudence lays down among others the following rules—establishing by judicial authority—as aids in determining said question: "First. Wherever the payment of a smaller sum is

secured by a larger, the larger sum thus contracted for can never be treated as liquidated damages, but must always be considered as a penalty. * * * *Fourth.* Whether an agreement provides for the performance or non-performance of one single act, or of several distinct and separate acts, *if the stipulation to pay a certain sum of money upon a default is so framed, is of such a nature and effect that it necessarily renders the defaulting party liable in the same amount at all events, both when his failure to perform is complete, and when it is only partial, the sum must be regarded as a penalty, and not as liquidated damages.*" (Our italics.) 1 Pomeroy, Eq. Jurisp. (2d ed.) §§441, 444. It is also well settled that where there is nothing in the contract that shows that the parties meant to actually *adjust the damages* and, "Where the stipulated sum is wholly collateral to the object of the contract, *being evidently inserted as merely security for performance, it will not be allowed as liquidated damages.*" (Our italics.) 1 Sedgwick, Damages (8th ed.) §410; *Wilkes* v. *Bierne, supra; Ould* v. *Spartanburg Realty Co.* (1912), 94 S. C. 184, 187, 77 S. E. 866. "Just compensation for the injury sustained is the principle at which the law aims, and the parties will not be permitted, by express stipulation, to set this principle aside." *Myer* v. *Hart* (1879), 40 Mich. 517, 523, 29 Am. Rep. 553. See, also, *Wilhelm* v. *Eaves* (1891), 21 Or. 194, 27 Pac. 1053, 14 L. R. A. 297, 299; *Mt. Airy Milling, etc., Co.* v. *Runkles, supra; Walker* v. *Bement* (1912), 50 Ind. App. 645, 657, 94 N. E. 339.

While the parties to the contract sued on use the expression "liquidated damages", they also use the word, "forfeit", and the term "forfeit" both in common parlance and by lexicographers is recognized as strongly implying penalty. The meaning of both these words, however, is to be determined by the connection in which they are used. *Barber Asphalt Pav. Co.* v. *City of Wabash* (1909), 43 Ind. App. 167, 174, 86 N. E. 1034, and authorities

cited; *State, ex rel.* v. *Baltimore, etc., R. Co.* (1842), 12 Gill & J. (Md.) 399, 38 Am. Dec. 317. Construed as liquidated damages the contract in suit would permit a recovery for damages in the same amount for a partial breach as for a complete failure, and would in any event permit a recovery of a sum larger than the balance due on the lot, although appellant retained it. Judged by the authorities herein reviewed and the rules which they recognize and announce for our guidance, we have concluded that the sum stipulated in the contract sued on must be treated as a penalty, and hence, on account of the absence of the averments before indicated, the complaint fails to state a cause of action. It follows that no question is presented by the appeal. *Alexander* v. *Spaulding, supra,* and cases cited.

Judgment affirmed.

NOTE.—Reported in 106 N. E. 746. As to whether damages are liquidated or a penalty, see 1 Am. Dec. 331. As to whether provision for damages in land contract is a penalty or stipulated damages, see 34 L. R. A. (N. S.) 4; 5 L. Ed. U. S. 384. As to the effect of the use of the word "forfeiture" upon penalty or liquidated damages, see 50 L. R. A. (N. S.) 890; 1 Ann. Cas. 244; 10 Ann. Cas. 225; Ann. Cas. 1912 C 1021. See, also, under (1) 31 Cyc. 128; (2) 9 Cyc. 719; 39 Cyc. 2096; (3) 13 Cyc. 105, 174, 1913 Ann. 105–New; (4) 13 Cyc. 95; (5) 13 Cyc. 91; (6) 13 Cyc. 101, 89, 104; (7) 13 Cyc. 91, 102.