EIKENBERRY *v.* THORN, ADMINISTRATOR.

[No. 9,166.   Filed April 4, 1916.]

1. DAMAGES.—*Liquidated or Penalty.*—*Construction.*—*Intent.*—The provisions of a contract relating to the damages that may result from its breach are to be interpreted so as to carry out the intent of the parties when they executed the instrument.   p. 474.

2. DAMAGES.—*Liquidated.*—*Stipulation Controlling.*—Where it appears from the whole instrument that the parties knowingly mutually agreed in advance upon a definite amount to be paid in case of a breach or repudiation of the contract, such agreement will control unless it is inconsistent with other provisions of the contract, or is unreasonable or unconscionable in view of the probable damages that may result from a breach.    p. 475.

3. DAMAGES.—*Liquidated or Penalty.*—*Words Used.*—In determining the question of whether a contract provides for the payment of liquidated damages in case of its breach, or a penalty merely, the use of particular words or phrases, such as "damages", "penalty", "forfeit", "liquidated damages", and the like is not conclusive, but the words or phrases used are to be considered in connection with the other provisions of the contract.    p. 475.

4. DAMAGES.—*Liquidated.*—*Enforcement.*—Where the parties have deemed it difficult to determine the actual damages in case of a breach of their contract, or for some other reason satisfactory to them and mutually understood at the time, have deemed it advisable to agree upon a sum, in advance of such possible breach, as liquidated, and have advisedly so stipulated in the contract, the courts will respect and enforce such stipulations.    p. 475.

5. DAMAGES.—*Liquidated or Penalty.*—*Any of Several Acts.*—Where an agreement contains provisions for the performance or non-performance of several acts of different degrees of importance, and provides for the payment of a definite sum upon a violation of any or all of such provisions, and the sum stipulated would be in some instances too large and in others too small a compensation for the loss of injury sustained, the stipulated amount will be regarded as a penalty and not as liquidated damages.    p. 475.

6. DAMAGES.—*Liquidated or Penalty.*—*Doubt.*—Where the contract leaves the question in doubt, the amount stipulated to be paid in case of a breach will generally be construed as a penalty rather than as liquidated damages, since the party may still recover the actual damages sustained by the breach.    p. 475.

7. DAMAGES.—*Penalty.*—*Breach of Contract.*—Where a contract for the exchange of mercantile stock for real estate provided for the doing of numerous things of varying importance, such as the furnishing of an abstract in five days, the exchange of insurance, the assignment of a lease, the delivery of the deeds within a specified time, etc., the provision that "both parties further agree that should either one fail to comply with the conditions herein he will pay the other $3,000 in damages", was subject to the interpretation that failure to comply with any one of the requirements would subject the defaulting party to the payment of damages, or at least was not free from doubt as to whether it was intended to fix the amount of damages only in case of a total failure to close the deal in substantial compliance with the contract, and hence must

be deemed as providing a penalty rather than liquidated damages. p. 476.

8. DAMAGES.—*Breach of Contract.*—*Complaint.*—A complaint for breach of contract providing a penalty of $3,000 for its breach, alleging the several obligations of the contracting parties and averring that defendant has failed and refused to comply, to plaintiff's damage in the sum of $3,000, was not insufficient as the statement of a cause of action for actual damages, although it also stated facts that would have been sufficient for a recovery on the theory of liquidated damages, had the contract so provided. p. 477.

9. PLEADING.—*Complaint.*—*Demurrer.*—Where the facts stated in a complaint are sufficient to entitle plaintiff to any substantial relief it is not subject to demurrer. p. 478.

From Miami Circuit Court; *Joseph N. Tillett,* Judge.

Action by William H. Eikenberry against Alonzo Thorn, administrator of the estate of Philip B. Yoars, deceased. From a judgment for defendant the plaintiff appeals. *Reversed.*

*Blacklidge, Wolf & Barnes,* for appellant.

*Charles L. DeVault* and *Antrim & McClintic,* for appellee.

FELT, P. J.—This suit was commenced by appellant to recover damages alleged to be due him from appellee's decedent for the breach of a contract. The court sustained a demurrer to the complaint and, appellant refusing to plead further, judgment was rendered against him, from which he has appealed. The action of the court in sustaining the demurrer to the complaint is the error assigned and relied on for reversal.

The complaint is in substance as follows: On January 11, 1912, appellant and the decedent, Philip B. Yoars, entered into a contract by the terms of which decedent agreed to convey to appellant by warranty deed 116 acres of real estate in Miami County, Indiana, subject to an encumbrance of $4,000, at the price of $145 per acre.

In consideration of such conveyance, appellant agreed to transfer to Yoars by bill of sale a stock of goods and fixtures located at Kirkland, Indiana, and a stock of hardware and fixtures located at Kokomo, Indiana. The complaint alleges the substance of the contract which is made a part of the pleading by exhibit and provides that should either party fail to comply with all the conditions of the agreement, he should pay to the other $3,000 in damages. It is alleged that decedent failed and refused to comply with the contract and that appellant complied with it as far as possible and had been at all times ready and willing to comply fully therewith; that decedent refused to make invoice of the goods as provided in the contract or to take any steps whatever to carry out the agreement and absolutely repudiated the contract. "That the said plaintiff has been damaged by said failure and refusal of the defendant to carry out said contract in the sum of three thousand dollars, for which he demands judgment," and all other proper relief.

The contract is as follows:

"This agreement, made and entered into this 11th day of January, 1912, by and between Philip G. Yoars, of the county of Miami, and State of Indiana, party of the first part, and William H. Eikenberry, of the county of Howard, and State of Indiana, party of the second part, Witnesseth, That the party of the first part for and in consideration of the covenants and agreements hereinafter specified, to be by the party of the second part well and truly performed, hereby agrees to convey to said party of the second part, or his heirs, by warranty deed, from himself and wife, the following described property, situated in the county of Miami, in the State of Indiana, to-wit: One hundred and sixteen

acres of land which is the land said first party bought from Joel Bryant and Henry Powell and will be fully described in deed when conveyed to said second party by proper legal description, this land is to be conveyed subject to the mortgage encumbrance of $4,000 drawing interest at five per cent per annum, payable semi-annually, this land is also conveyed subject to the taxes due and payable in the year of 1913, also subject to the tenant's lease now on the farm, which said first party agrees to assign to said second party, said lease expires March 1, 1913. Both parties agree that the price on the land is $145 per acre and whichever party owes any difference they agree to pay the other party by bankable note, due in two, four, and six months, equal payments drawing six per cent interest. And the party of the second part, for his part, for and in consideration of the covenants and agreements above specified being by the party of the first part well and truly performed hereby agrees to convey to said party of the first part, or his heirs, by bill of sale, from himself, the following described property, situated in the county of Clinton and Howard, in State of Indiana, to-wit: All stocks of goods and fixtures, consisting of general merchandise, located in the John H. Hartman building in Kirkland, Indiana, and also all the stock of hardware and fixtures located in the Bell & Purdum building on the north side of the square in Kokomo, Indiana, which was formerly known as the J. P. Owen Hardware Store. Both parties hereto agree that the above mentioned stocks are to be invoiced at the original wholesale cost price f. o. b. shipping point, no discount of any kind to be allowed except as hereinafter stated. Said second party agrees to invoice both safes at $145, and allow fifteen per cent on the balance of the fixtures in both stores from what they originally cost, all the balance to be invoiced

straight as above stated, allowing no discount whatever, except one hundred dollars from the total inventory which is to cover damaged goods of all kinds. It is hereby further mutually agreed and understood by and between the parties hereto, and as a part of the consideration of this agreement, that said first party shall furnish proper abstract showing merchantable title to the property hereby agreed by him to be conveyed, and that second party hereby agrees to furnish proper bill of sale showing the merchandise clear of encumbrance hereby agreed by him to be conveyed, and that said first party hereby agrees to furnish the said abstract for examination within five days from this date. Both parties agree to exchange insurance and pay whatever difference there may be. Both parties further agree that should there be any hardware in the lot that is being shipped from West Baltimore, Ohio, that is damaged, it shall be invoiced at what it is worth, also said first party agrees to take over the lease on the Kirkland storeroom, which said second party agrees to assign over, lease for $60 a month. Both parties further agree that should either one fail to comply with all conditions herein he will pay the other three thousand dollars in damages, each party hereto agrees to furnish a man to invoice and if the invoicers cannot agree they are to call in a third party to decide the difference according to this agreement, invoices subject to change. It is mutually agreed that all covenants and agreements herein contained shall extend to and be obligatory upon the heirs, executors, administrators and assigns of the respective parties hereto. All deeds to be delivered and this negotiation to be closed within fifteen days from the date of this agreement. The parties hereto agree to leave the invoicing entirely to the invoicers and not to interfere in any way. Time is hereby declared to be the

essence of this agreement. In witness where-of, the said parties herein have hereunto set their hands and seals the day and year first above mentioned. Both parties agree to put up all papers in escrow with Marshall Smith of Amboy, Indiana, before starting invoicing. Philip B. Yoars, William H. Eikenberry."

The demurrer was for insufficiency of the facts alleged to state a cause of action. The memorandum states that (1) it is not alleged that plaintiff has suffered any special damages by reason or on account of the breach of contract; and (2) that "the terms of the contract are not sufficiently specific to constitute a basis for a cause of action." The appellant urges two propositions in its points and authorities, viz., (1) the complaint shows a right to recover $3,000 liquidated damages; (2) it is good against the demurrer, if the contract does not stipulate liquidated damages. Appellee contends that the contract provides a penalty for its breach and should not be construed as an agreement for liquidated damages in the sum of $3,000; that the complaint is insufficient to warrant a recovery on the theory of actual damages provable on the theory of a penalty.

So much has been written in text-books and decisions on the subject of penalties and liquidated damages that we shall not attempt to restate all the rules and principles that bear upon the particular question to be decided but shall only attempt to refer to those that seem to be most perti-

1. nent. In construing the provisions of a contract relating to damages that may result from its breach, such stipulations, like all other provisions of written contracts, are to be so interpreted as to carry out the intent of the

parties when they executed the instrument.

2. If it appears from the whole instrument that the parties knowingly, mutually agreed in advance upon a definite amount to be paid by the defaulting party to the other in case of a breach or repudiation of the contract, such agreement will control, unless it is inconsistent with other provisions of the contract, or is unreasonable or unconscionable in view of the probable damages that may result from a breach of such

3. contract. The use of particular words or phrases, such as, "damages", "penalty", "forfeit", "liquidated damages", and the like is not conclusive, but they are to be duly considered in connection with the other provisions of the contract in determining whether the stipulation as to damages in case of a breach shall be considered as a penalty or as liquidated damages. If the parties have deemed it difficult to determine

4. the actual damages in case of a breach, or for some other reason satisfactory to them and mutually understood at the time, have deemed it advisable to agree upon a sum, in advance of such possible breach, as liquidated damages, and have advisedly so stipulated in the contract, the courts will respect and enforce such stipulations.

Where an agreement contains provisions for the performance or nonperformance of several acts of different degrees of importance, and pro-

5. vides for the payment of a definite sum upon a violation of any or all of such provisions, and the sum stipulated would be in some instances too large and in others too small a compensation for the loss or injury sustained, the stipulated amount will be regarded as a penalty and not as liquidated damages. If the contract

6. leaves the question in doubt, the specified amount will generally be construed as a

penalty rather than as liquidated damages, since such interpretation can not be harmful, because the party is thereby permitted to recover his actual damages if he has sustained any by such breach.

The clause which is directly involved here provides that, "Both parties further agree that should either one fail to comply with the conditions herein he will pay the other $3,000 in damages." The contract provides that, after invoicing the stocks of goods and determining their value and the value of the land in the manner provided, "whichever party owes any difference they agree to pay the other party by bankable note". The abstract was to be furnished in five days. Insurance was to be exchanged and the difference in value paid. A lease on one of the stores was to be assigned. The deeds were to be delivered and the deal closed within fifteen days and time is declared to be the essence of the agreement. The contract states the amount to be paid "should either one fail to comply with all conditions herein." This language is subject to the interpretation that failure to comply with any one of the requirements of the contract will subject the defaulting party to the payment of damages. The things to be done under the contract are numerous and differ in importance. If the stipulation is for liquidated damages, the recovery must be the same in amount, whether the breach be for the least important stipulation or for a total repudiation of the contract. If it be said that the language may be so interpreted as to show an intention to fix the amount of damages only in case of a total failure to close the deal in substantial compliance with the contract, it can not be said that such interpretation is free from doubt and that it is the plain meaning of the language

employed. If there is doubt it must be resolved in favor of the interpretation which holds the stipulation to be a penalty requiring proof of actual damages to warrant a recovery. As supporting our conclusion that the stipulation for damages is a penalty and not liquidated damages, we cite the following: 1 Pomeroy, Eq. Jurisp. (3d ed.) §§440-445. 1 Sedgwick, Damages (9th ed.) §§405-413. *Zenor* v. *Pryor* (1914), 57 Ind. App. 222, 226, 106 N. E. 746, and cases cited. *Burley Tobacco Society* v. *Gillaspy* (1912), 51 Ind. App. 583, 588, 100 N. E. 89; *Barber Asphalt Pav. Co.* v. *City of Wabash* (1909), 43 Ind. App. 167, 174, 86 N. E. 1034; *Mondamin, etc., Dairy Co.* v. *Brudi* (1904), 163 Ind. 642, 648, 72 N. E. 643; *Howard* v. *Adkins* (1906), 167 Ind. 184, 191, 78 N. E. 665; *J. I. Case, etc., Mach. Co.* v. *Souders* (1911), 48 Ind. App. 503, 505, 96 N. E. 177; *Mount Airy, etc., Grain Co.* v. *Runkles* (1912), 118 Md. 371, 84 Atl. 533, L. R. A. 1915 E. 373, and cases cited; *Sun Printing, etc., Co.* v. *Moore* (1901), 183 U. S. 642, 22 Sup. Ct. 240, 46 L. Ed. 366.

The memorandum accompanying the demurrer states that the averments do not show that the plaintiff has suffered any special damages by the alleged breach of contract. The complaint sets out the several obligations of the contracting parties and avers that the defendant has failed and refused to comply with the contract and has wholly repudiated the same; that the plaintiff has complied as far as possible therewith and is and has been at all times ready and willing to fulfill his part of the agreement; that the plaintiff "has been damaged by said failure and refusal to carry out said contract in the sum of $3,000." The complaint therefore states a cause of action for actual damages. True

it also states facts which would be sufficient to recover on the theory of liquidated damages, if the contract so provided. If the complaint had been drawn wholly on the theory of liquidated damages, it would have been sufficient to show the breach of the contract without alleging actual damages. The complaint proceeds upon the theory that the contract was breached and repudiated in its entirety and that the damages sustained by the plaintiff amount to $3,000. The averment of actual damages is not related to the stipulation for damages in the contract. The fact that the amount stated happens to be the same as the amount stated in the contract is only an unimportant coincidence, as any other sum would have served the same purpose in the pleading. The memorandum called attention to the averments showing actual damages and we must therefore conclude that the trial court held the complaint insufficient to state a cause of action on any theory. *Jonas* v. *Hirshburg* (1897), 18 Ind. App. 581, 587, 48 N. E. 656; *Richter* v. *Meyers* (1892), 5 Ind. App. 33, 34, 31 N. E. 582; *Neal* v. *Shewalter* (1892), 5 Ind. App. 147, 153, 31 N. E. 848; *Dwiggins* v. *Clark* (1883), 94 Ind. 49, 56, 48 Am. Rep. 140; *Chicago, etc., R. Co.* v. *Lawrence* (1907), 169 Ind. 319, 324, 79 N. E. 363, 82 N. E. 768; 5 Ency. Pl. and Pr. 737 *et seq.* Where the facts stated in a complaint are sufficient to entitle the plaintiff to any substantial relief it is not subject to demurrer. *Gowdy Gas Well, etc., Co.* v. *Patterson* (1902), 29 Ind. App. 261, 263, 64 N. E. 485; *Scott* v. *Cleveland, etc., R. Co.* (1896), 144 Ind. 125, 128, 43 N. E. 133, 32 L. R. A. 154; *Decker* v. *Yohe* (1913), 179 Ind. 243, 245, 100 N. E. 756; *Tishbein* v. *Paine* (1913), 52 Ind. App. 441, 443, 100 N. E. 766; *Oölitic Stone Co.* v. *Ridge* (1908), 169 Ind. 639, 643, 83 N. E. 246.

For the error in sustaining the demurrer to the complaint, the judgment is reversed with instructions to overrule the demurrer, to permit the parties to amend their pleadings if they desire so to do, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 112 N. E. 112. As to liquidated damages generally, and intention of parties in that connection, see 85 Am. St. 835; 108 Am. St. 50. As to whether a stipulated forfeiture for breach of contract is a penalty or liquidated damages, see 1 Ann. Cas. 244; 10 Ann. Cas. 225; Ann. Cas. 1912 C 1021.